Helen M. LUTTER, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 74–1477.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 17, 1975.

Decided April 28, 1975.

J. Nelson Young, Champaign, Ill., for petitioner-appellant.

Scott P. Crampton, Asst. Atty. Gen., William A. Whitledge, Atty., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before CLARK, Associate Justice,* and PELL and SPRECHER, Circuit Judges.

PER CURIAM.

This case raises the question of whether payments made to an indigent parent under the Federal-State "Aid to Families with Dependent Children" (AFDC) program, 42 U.S.C. Sec. 601 et seq., may constitute "support" of the children by the parent for purposes of establishing a dependency exemption under the Internal Revenue Code, 26 U.S.C. Sec. 151. The essential facts have been stipulated.

Mrs. Helen M. Lutter timely filed her federal income tax return for the year 1969, claiming exemptions under Sec. 151 for her two minor children as dependents. The Commissioner disallowed appellant's claims on the ground that any contributions to the support of her children which she made from her salary of $2,442.65 from the University of Illinois were overshadowed by AFDC benefit payments totalling $2,593.84. The Commissioner took the position that AFDC payments were actually made by the State to the children through the medium of the family and could not, therefore, be counted as money spent by the parent for support of the child.

Appellant sought review in the Tax Court, arguing that AFDC payments become the property of the parent because the legislative intent of Congress was to maintain and preserve the structure of the family. Thus, Mrs. Lutter contends, Congress gave the money to the parents of dependent children to be spent in whatever way they deemed proper for the well-being of the children, including expending it on themselves. Since the money need not have been spent in any particular way, the argument goes, appellant's voluntary act of spending it on her children amounts to furnishing "support" within the meaning of Sec. 151.

The Tax Court rejected this ingenious theory, pointing out that the Social Security Act amendments which embody the AFDC program clearly require the parent to be accountable to the state for the expenditures for the benefit of the child. In this regard, the Tax Court found significant the state and federal statutory provision for a "protective payee". If the parent mismanages the grant, under 42 U.S.C. Sec. 606(b)(2) and, in turn, Smith-Hurd Ill.Ann.Stat. c. 23, Sec. 4-9, the AFDC payments may be made to a specially designated third-party to be expended for the benefit of the child and the family. On the basis of this provision and other textual authority, the Tax Court concluded that the primary purpose of AFDC payments is to protect dependent children and that such payments, therefore, constitute "support" by the State and not by the parent.

We agree with the conclusion of the Tax Court. Before this court, appellant relies on the Supreme Court's decision in Dandridge v. Williams, 397 U.S. 481, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), as standing for the proposition that it is the family unit and not the individual child which is to benefit under the AFDC program. In *Dandridge,* of course, the question was whether a state could establish a maximum dollar amount on AFDC grants without regard to family size. Since the fundamental issue there was the latitude to be afforded a state in allocating its AFDC resources, the decision in that case hinged on entirely different considerations than in the present case. The Court's recognition of the "strong policy of the statute in favor of

* Associate Justice Tom C. Clark, United States Supreme Court (Ret.), is sitting by designation.

preserving family units", 397 U.S. at 480, 90 S.Ct. at 1159, does not preclude a recognition of the statute's even more central policy that the payments—in whatever amount the state was able to furnish—were primarily intended to benefit the dependent children. Appellant's reliance on *Dandridge,* therefore, is misplaced.

On the basis of Judge Goffe's opinion, published at 61 T.C. 685 (1974), we affirm the disallowance of appellant's claimed exemptions.

Affirmed.