JOSEPH R. FISHER and Z. BARBARA FISHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
FISHER v. COMMISSIONER
Docket No. 625-76.
United States Tax Court
T.C. Memo 1978-492; 1978 Tax Ct. Memo LEXIS 22; 37 T.C.M. (CCH) 1851-12; December 12, 1978, Filed Joseph R. Fisher, pro se. W. Robert Abramitis, for the respondent. GOFFE
*23 MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in the Federal income tax against petitioners for the taxable year 1973 in the amount of $3,255.92. The issues for our decision are: (1) whether petitioner provided more than half of the total support of three children he claimed as dependents; (2) whether petitioner is entitled to a deduction in the amount of $10,641.50 as alimony; and (3) whether petitioner must recognize a long-term capital gain upon the transfer of appreciated property to his former wife in lieu of alimony. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, supplemental stipulation of facts and the exhibits attached thereto are incorporated by this reference. Mr. Joseph R. Fisher (herein petitioner) and his wife Z. Barbara Fisher, who resided at Harwich, Massachusetts, at the time they filed their petition, timely filed their joint Federal income tax return for the taxable year 1973 with the Andover Service Center at Andover, Massachusetts. Mrs. Fisher is a party to this action solely by virtue of her filing a joint return with her husband, Petitioner Joseph R. Fisher. *24 Prior to his present marriage petitioner was married to Elizabeth F. Fisher (herein Elizabeth). On May 8, 1970, the Probate Court of the Commonwealth of Massachusetts entered a decree of separate maintenance for petitioner and Elizabeth. The decree awarded to Elizabeth the custody of the three children born of the marriage and ordered petitioner to pay weekly $73.08 for the support of Elizabeth and $41.92 for the support of the children. On November 10, 1972, the Probate Court entered a decree of divorce which dissolved the marriage between petitioner and Elizabeth. In addition the decree awarded custody of the three children to Elizabeth and ordered petitioner to pay $115 per week for the support of the children. The decree further ordered petitioner to convey his interest in a residence to Elizabeth in lieu of alimony. Prior to this time petitioner and Elizabeth owned the residence as tenants by the entirety. On October 19, 1973, petitioner conveyed his interest in the residence to Elizabeth, pursuant to the decree of the Probate Court, by way of a quit-claim deed. During all relevant times petitioner's three children resided with Elizabeth pursuant to the Probate Court's *25 decree. For the taxable year 1973 petitioner paid $1,224.25 to Elizabeth for the support of the children. Petitioner also paid $40 to the Commonwealth of Massachusetts, Department of Public Welfare, for the support of the children. The Massachusetts Department of Public Welfare provided at least $3,832.15 for the support of Elizabeth and the three children. In addition, the Department of Public Welfare provided at least $182.45 for the support of the children. On the joint Federal income tax return for 1973, which petitioner filed with his wife (Z. Barbara Fisher), petitioner claimed the three children as dependents. He also deducted $10,641.50 as payment of alimony to Elizabeth. Petitioner reported no gain from the conveyance of his interest in the residence to Elizabeth. The Commissioner, in his statutory notice of deficiency, disallowed petitioner's deduction for dependency exemptions claimed for petitioner's three children for the reason that petitioner did not establish his right to the deduction. The Commissioner further determined that payments in the amount of $10,642 made by petitioner to Elizabeth did not constitute alimony within the purview of section 215, Internal Revenue Code *26 of 1954. [1] Finally, the Commissioner determined that when petitioner conveyed his interest in the residence to Elizabeth in lieu of alimony he realized a net long-term capital gain. Accordingly, the Commissioner increased petitioner's taxable income in the amount of $15,680. [2]
OPINION The first issue for our decision is whether petitioner provided more than half of the total support of three children he claimed as dependents. The three children petitioner claimed as dependents are from a prior marriage. During the taxable year 1973 the children resided with petitioner's former wife. Under the provisions of section 152(e), petitioner must show that he provided more than half of their support during 1973 in order to claim them as dependents and thereby be entitled to a deduction under section 151(e). Rule 142, Tax Court Rules of Practice and Procedure; see sec. 1.152-1(a)(2)(ii), Income Tax Regs. To carry this burden of proof petitioner must prove the total *27 amount expended for his children's support as well as the amount he spent for their support. Sec. 1.152-1 (a)(2)(i), Income Tax Regs.
In the instant case, the parties stipulated that during the taxable year in issue petitioners paid $1,224.25 for the support of his three children who resided with his former wife. Petitioner also paid a total of $40 to the Commonwealth of Massachusetts, Department of Public Welfare for the support of the children during 1973. However, the parties stipulated that the Department of Public Welfare in Massachusetts provided no less than $3,832.15 for the support of his former wife and three children. The Department of Public Welfare also provided an additional $182.45 for the support of petitioner's children during 1973. No other facts were presented with respect to this issue. Respondent asserts that petitioner has failed in his burden of proof because the facts indicate that the Department of Public Welfare provided more than half of the support of petitioner's children during 1973. We agree with respondent. While petitioner has shown that he expended $1,264.25 for the support of his three children, he has failed to demonstrate not only the *28 amount he provided for each of his three children but also the total amount provided for each child. The stipulated fact that the Department of Public Welfare provided $3,832.15 for the support of his former wife and children and an additional $182.45 for the children does not establish the amounts required under section 1.152-1(a)(2)(i), Income Tax Regs. We cannot determine how much of the public assistance funds provided support for each child versus the support of petitioner's former wife. For these reasons we hold that petitioner has failed to prove that he provided more than half of the total support for any one of his three children. Petitioner's argument must be rejected that Congress intended that the application of section 152 is limited to the amounts provided by each parent rather than amounts provided from sources other than the custodial and noncustodial parent. In Lutter v. Commissioner,61 T.C. 685 (1974), affd. 514 F.2d 1095 (7th Cir. 1975), we held that welfare payments made by governmental agencies for support of taxpayer's children did not constitute support provided by taxpayer for purposes of the dependency exemption under section *29 151(e). Such payments represented support received from a source independent of taxpayer. The second issue for our decision is whether petitioner is entitled to a deduction in the amount of $10,641.50 as alimony. Petitioner and his former wife, Elizabeth, separated and on May 8, 1970, the Probate Court of the Commonwealth of Massachusetts entered a decree whereby Elizabeth was awarded the custody of their three children. In addition, the court ordered petitioner to pay weekly $73.08 for the support of Elizabeth and $41.92 for the support of the children. On November 10, 1972, the Probate Court entered a decree of divorce which dissolved the marriage between petitioner and Elizabeth. Pursuant to this decree the court awarded custody of the children to Elizabeth and ordered petitioner to pay $115 per week for the support of the children. The court further ordered petitioner to convey his interest in a residence to Elizabeth in lieu of alimony. Prior to this order petitioner and Elizabeth owned the residence as tenants by the entirety. On October 19, 1973, petitioner conveyed his interest to Elizabeth by quit-claim deed. Petitioner takes the position that the transfer of his *30 interest in the residence was in satisfaction of an obligation to support his former wife. He bases his position on the fact that the Probate Court ordered him to transfer the property "in lieu of alimony." Section 215 allows a deduction for alimony payments when such payments are included in the recipient's gross income under section 71. For the payments to be included under section 71, the payments must be periodic rather than installment payments of a principal sum. Sec. 71(a) and (c). Periodic payments must be made at recurring times over an extended period. Norton v. Commissioner,16 T.C. 1216 (1951), affd. 192 F.2d 960 (8th Cir. 1951). The record before us demonstrates that petitioner's conveyance of his interest in the residence constitutes a lump sum payment which settled all of his marital obligations to his wife Elizabeth and foreclosed any future obligations with respect to alimony. Upon the conveyance to Elizabeth petitioner was under no further obligation to provide for her. Petitioner's reliance upon Commissioner v. Lester,366 U.S. 299 (1961), is misplaced. In Lester the Supreme Court held that a written agreement *31 between husband and wife must fix with specificity the amount of payments which are allocable to the support of children. If the agreement lacks specificity the recipient wife must include the entire amount of the payment as alimony. Again, petitioner's reliance upon Holahan v. Commissioner,21 T.C. 451 (1954), affd. 222 F.2d 82 (2d Cir. 1955), Dupre v. Commissioner, an unreported District Court decision (D.C.N.Y. 1953), 53-2 USTC para. 9613, 45 AFTR 1141, and Gale v. Commissioner,13 T.C. 661 (1949), affd. 191 F.2d 79 (2d Cir. 1951), is also misplaced. These cases stand for the proposition that lump-sum payments made to satisfy alimony payments, which were in arrears, constitute deductible payments under section 215. While petitioner claimed during the course of the trial that his conveyance of his interest was in satisfaction of alimony payments in arrears, there is no evidence to indicate if and to what extent he was in arrears. Accordingly, we sustain respondent on this issue. The final issue for our decision is whether petitioner must recognize a long-term capital gain arising from his conveyance *32 of his interest in the residence to his former wife. Pursuant to the Probate Court's order of November 10, 1972, petitioner conveyed his interest in the residence he and his former wife owned as tenants by the entirety. Petitioner consummated the conveyance on October 19, 1973. The Commissioner, in his statutory notice of deficiency, determined that petitioner realized a net long-term capital gain in the amount of $2,788. Under Rule 142 of the Tax Court Rules of Practice and Procedure, petitioner has the burden of proving this determination to be erroneous. To this end petitioner has failed. Under the principles set forth in United States v. Davis,370 U.S. 65 (1962), petitioner's conveyance was in satisfaction of an obligation arising from his marital relationship with his former wife. The gain petitioner realized is measured by the difference between the fair market value of the property at the time of the conveyance and the petitioner's basis in the property conveyed. Petitioner has offered no evidence with respect to the fair market value or his basis in the property conveyed. Therefore, we sustain respondent's determination. Decision will be entered for *33 the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. ↩
2. ↩ Item
Amount
Exemption for dependents
$ 2,250
Alimony Payments
10,642
Capital gain
2,788
TOTAL
$ 15,680