T.C. Memo. 2000-105

UNITED STATES TAX COURT

JAMES E. BRIGGSDANIELS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13657-98.                    Filed March 28, 2000.

James E. Briggsdaniels, pro se.

<u>Laura B. Belote</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, <u>Special Trial Judge</u>:  Respondent determined
deficiencies in petitioner's Federal income taxes of $2,159 for
1995 and $3,614 for 1996.

The issues for decision are: (1) Whether petitioner is entitled to head of household filing status;[1] (2) whether petitioner is entitled to deductions for dependency exemptions; and (3) whether petitioner is entitled to an earned income credit.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue.

## FINDINGS OF FACT

Petitioner resided in San Jose, California, at the time the petition in this case was filed.

Petitioner, James E. Briggsdaniels, is also known as James E. Briggs and James E. Daniels. Petitioner has never been married. He has three sons by Charlene Riley: (1) James E. Daniels, Jr., born May 17, 1979; (2) Jamar E. Daniels, born December 30, 1980; and (3) Jeremy E. Daniels, born May 15, 1982.

James E. Daniels, Jr., was in juvenile custody in Santa Clara County (County), California, from February 25 to May 21, 1995, from June 21 through September 24, 1995, and from March 23 through July 3, 1996. Jeremy E. Daniels was in juvenile custody

---

[1]Our resolution of the issue of petitioner's filing status will determine the correct computation of his standard deduction for the years at issue.

from August 29 to September 1, 1996, and from October 19, 1996, to March 18, 1997.

On July 16, 1996, a complaint was filed in the Superior Court of California in the case of County of Santa Clara v. Daniels, No. DA051877, to establish petitioner's parental relationship to James, Jamar, and Jeremy Daniels and to collect reimbursement of child support payments made by the County. As part of the litigation, Mary Schriver, eligibility examiner for the Social Services Agency (SSA) of the County, filed an affidavit stating that SSA had paid various sums of money in support of petitioner's children. The affidavit filed by the examiner states that SSA has paid, in the form of AFDC "Family Grant" payments for one child, $3,588 in 1995, and for one child for 10 months and two children for 2 months, $4,140 in 1996. In addition, SSA was stated to have made foster care payments for James Daniels, Jr. of $20,625.86 from July through December of 1996, and for Jamar Daniels $5,445 in 1995 and $700.98 in 1996. In an attachment to the affidavit, Katherine Swayzer, maternal aunt, is listed as the "payee/caretaker".

Judgment was entered in favor of the County on May 18, 1999, finding that petitioner's paternity was established and that he was liable for child support payments for the period July 1993 through March 1999.[2]

_____

[2]Respondent objects to the judgment as irrelevant. We find the judgment to be evidence relevant to the amount of support provided to the children in 1995 and 1996. We overrule the

OPINION

Head of Household

Section 1(b) imposes a special tax rate on individuals filing as "heads of households". "Head of household" is defined in section 2(b) as an unmarried individual whose household is maintained as the principal place of abode for specific family members. If a taxpayer provides over half the cost of maintaining as his home a household that for more than one-half the year was his sons' principal place of abode, he meets the head of household definition in section 2(b)(1).

Evidence in the record shows that James Daniels for several months in 1995 and 1996 and Jeremy Daniels for several months in 1996 were wards of the County. They were in custody, according to petitioner, "for running away." There is also evidence that James and Jamar Daniels spent time in foster care in 1995 and 1996. Social Service payments for his sons were not paid to him, petitioner testified; they were paid to "Katherine Swayzer, or either Prince Swayzer and Veronica Swayzer", the boys' aunts and uncle. Katherine Swayzer is listed in Social Service documents as "caretaker".

Referring to James and Jeremy Daniels' periods of custody, petitioner testified: "But out of all that time, although they did not live personally with me, I was still responsible for

objection and admit it into evidence.

providing their support" whether they were in custody, or at a foster or group home. Jamar, according to petitioner, stayed with his aunt, Katherine Swayzer, and with petitioner. He stayed with his aunt so that "he could go to a particular school".

Petitioner submitted copies of miscellaneous receipts and invoices for a variety of items including drycleaning bills, invoices for storage payments, motel receipts, grocery receipts, Lotto receipts, and receipts for pet supplies and other items. Almost all the receipts and invoices were in the name of "James E. Daniels". There is evidence of the payment of auto insurance and registration of an automobile in the joint names of James and Jamar Briggs, but Jamar (Briggs) Daniels was not able to legally drive until December of 1996. There is nothing in the record, however, to indicate that petitioner provided over half the cost of maintaining as his home a household that for more than one-half the year was any of his sons' principal place of abode in 1995 or 1996.

Petitioner has not shown that he qualifies for head of household filing status for either year in suit, and respondent's determination on this issue is sustained.

Dependency Exemptions

Section 151(c)(1) allows a taxpayer to claim an exemption deduction for each qualifying dependent. A child of the taxpayer is considered a "dependent" so long as the child has not attained

the age of 19 (24 if the child is a student) at the close of the taxable year, and more than half the dependent's support for the taxable year was received from the taxpayer.  Secs. 151(c)(1)(B), 152(a).

In order for petitioner to establish that he provided more than half of the support of any of his sons, he must first show by competent evidence the total amount of support furnished for each of them by all sources for the years at issue.  Blanco v. Commissioner, 56 T.C. 512, 514 (1971).  Petitioner has not provided complete evidence of the total amount of support provided for James, Jeremy, or Jamar Daniels for any year at issue.

There is, on the other hand, evidence that supports respondent's determination that petitioner did not supply over half the children's support.  Considering the judgment of the Superior Court of California in County of Santa Clara v. Daniels, supra, it appears that petitioner failed to pay child support for the boys from 1993 through 1999.  The evidence indicates that the children were supported by the County[3] and by their maternal aunts and uncle.

Accordingly, respondent's determination that petitioner's sons are not his dependents for section 151 purposes is

---

[3]See Lutter v. Commissioner, 514 F.2d 1095 (7th Cir. 1975) (AFDC payments constitute support by the State not by the parent), affg. 61 T.C. 685 (1974).

sustained.

Earned Income Credit

Petitioner claimed the earned income credit for 1995 and 1996 for two "qualifying" children, Jeremy Briggs and Jamar Briggs. Respondent determined that petitioner is not entitled to the earned income credit for either year.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed, and section 32(b) prescribes different percentages and amounts used to calculate the credit based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a qualifying child, a taxpayer must establish, inter alia, that the child bears the relationship to the taxpayer prescribed by section 32(c)(3)(B), the child meets the age requirements of section 32(c)(3)(C), and the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).

James, Jeremy, and Jamar Daniels satisfy the relationship and age tests, but petitioner has offered no evidence to establish that any of his three sons shared his residence for more than one-half of either year at issue.

Although petitioner is not eligible to claim an earned income credit under section 32(c)(1)(A)(i) for a qualifying child, he may be an "eligible individual" under section 32(c)(1)(A)(ii).

An individual without a qualifying child is eligible for an earned income credit subject to the phaseout limitations of section 32(a)(2) if his principal place of abode is in the United States for more than one-half the taxable year, he has attained the age of 25 but not the age of 65, and he is not the dependent of another for whom a deduction is allowable under section 151. See sec. 32(c)(1)(A)(ii).

The phaseout limitations are determined by the greater of the taxpayer's earned income or his "modified adjusted gross income". See secs. 32(a)(1), (c)(2), (c)(5). Petitioner's earned income and modified adjusted gross income was $21,085 for 1995 and $18,136 for 1996. For tax year 1995, the earned income credit is completely phased out under section 32(a)(2) for an individual with no qualifying children if the individual's earned or modified adjusted gross income is equal to or in excess of $9,230. See Rev. Proc. 94-72, 1994-2 C.B. 811, 813. For the year 1996, the phaseout amount is $9,500. See Rev. Proc. 95-53, 1995-2 C.B. 445, 446-447.

Because petitioner did not have a qualifying child for 1995 or 1996 and had earned income and modified adjusted gross income

exceeding the phaseout amounts for both years, petitioner is not entitled to the earned income credit for either year.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.