T.C. Memo. 2002-237


UNITED STATES TAX COURT


TAM N. HUYNH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13540-99.          Filed September 23, 2002.


<u>Bruce E. Gardner</u>, for petitioner.

<u>Roger W. Bracken</u>, for respondent.


MEMORANDUM OPINION


WOLFE, <u>Special Trial Judge</u>:  This matter is before the Court on petitioner's motion for an award of administrative and litigation costs, filed pursuant to section 7430 and Rules 230 through 233.  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended; however, references

to section 7430 are to that section in effect when the petition was filed (August 9, 1999). All Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Alexandria, Virginia, at the time the petition was filed with the Court. Petitioner is the father of three children who were, respectively, 16, 18, and 20 years of age at the time of the hearing (July 18, 2001). Petitioner and his ex-wife, who is the mother of the children, divorced in 1989. The divorce decree granted petitioner custody of their two sons and his ex-wife custody of their daughter.

During 1998, petitioner was self-employed as a manicurist. Petitioner timely filed a 1998 Federal income tax return on which he reported total income of $10,698. On the tax return, petitioner listed his filing status as head of household, claimed dependency exemption deductions for his three children, and claimed an earned income credit of $3,756. Petitioner also claimed an income tax refund of $2,244.

By letter dated March 18, 1999 (the examination letter), respondent informed petitioner that "We are examining your Federal income tax return for 1998 and find we need documentation to verify certain items." Respondent requested that petitioner mail documentation to verify the claimed dependency exemptions, head of household status, and earned income credit.

Petitioner responded to the examination letter by mailing various documents to respondent. After reviewing the documents, respondent concluded that the information submitted by petitioner was insufficient to verify the items under examination.

By letter dated April 6, 1999 (the proposed adjustment letter), respondent proposed a deficiency of $4,215 in petitioner's 1998 Federal income tax. The proposed deficiency was predicated on a change in petitioner's filing status from head of household to single, the disallowance of the three dependency exemptions, and the partial disallowance of the earned income credit. The proposed adjustment letter informed petitioner that he had not submitted all of the documentation that respondent had requested. The letter also listed each item that respondent still required for verification.

Petitioner responded to the proposed adjustment letter by mailing various documents to respondent. After reviewing the documents, respondent concluded that they were insufficient to verify the items under examination. By letter dated May 11, 1999 (the May 11th letter), respondent so informed petitioner. Respondent also repeated his request for documentation establishing that petitioner's children lived with petitioner for more than 6 months of 1998 and a record of funds that petitioner spent in support of his children. Respondent also informed petitioner that any further supporting documents or information

that petitioner wished respondent to consider should be received within 15 days of the date of the May 11th letter.

By a notice of deficiency dated May 28, 1999, respondent determined a deficiency of $4,196 in petitioner's 1998 Federal income tax. Petitioner hired counsel to represent him in June 1999. The petition was filed August 9, 1999. Respondent's answer was filed October 12, 1999.

On November 3, 1999, respondent assigned the case to an Appeals officer. On November 18, 1999, the Appeals officer spoke with petitioner's counsel about settling the dispute. The following day, the Appeals officer mailed a letter to petitioner's counsel proposing that respondent would concede the earned income credit issue if petitioner conceded the dependency deductions and head of household filing status issues.

On January 11, 2000, the Appeals officer received a letter from petitioner's counsel suggesting that she agree to concede all three issues. Attached to the letter were documents concerning petitioner's public assistance, dependency deductions, and filing status. After reviewing the letter and documents, the Appeals officer did not alter her settlement position.

In February 2000, the Appeals officer forwarded the case to respondent's District Counsel office for trial preparation. After reviewing the case, the District Counsel office offered to settle the dispute with petitioner on the same terms that had

been proposed by the Appeals officer.

At calendar call (March 20, 2000), the parties filed a stipulation in which they resolved all of the issues raised in the notice of deficiency.  The stipulation did not differ from the settlement offers that the Appeals and District Counsel offices previously had made.  Specifically, the parties stipulated that for 1998:  (1) Petitioner is not entitled to any dependency exemptions for his three children; (2) petitioner is not entitled to head of household filing status, but rather to single filing status; and (3) petitioner is entitled to an earned income credit in the amount claimed by petitioner on his 1998 Federal income tax return, based on two qualifying children.  The stipulation resulted in a tax deficiency of $448 for 1998.

At calendar call, petitioner also filed a motion for an award of reasonable administrative and litigation costs (motion for costs), requesting an award of $1,837.45.  Subsequently, petitioner filed a supplement to the motion for costs in which he raised his previous request to $2,335.11.

On May 4, 2000, respondent filed a response to petitioner's motion for costs and supplement thereto.  In the response, respondent disputed petitioner's allegations that respondent's position was not substantially justified, that petitioner did not unreasonably protract the proceedings, and that the costs requested were reasonable.

On June 7 and 15, 2000, petitioner filed a motion in limine and a motion to strike, respectively. In these motions, petitioner sought to exclude from evidence the declaration of the Appeals officer and the exhibits attached thereto. On June 30, 2000, respondent filed responses objecting to these motions. The Court subsequently denied both petitioner's motion in limine and motion to strike.

On June 28, 2001, petitioner filed a reply to respondent's response to petitioner's motion for costs. Petitioner argued, among other things, that at the time respondent sent the notice of deficiency to petitioner, petitioner had already provided respondent with enough documentation to resolve the issues conclusively in favor of petitioner.

On July 2, 2001, petitioner filed a supplement to his reply to respondent's response to petitioner's motion for costs. The supplement reiterated his request for an award of reasonable administrative and litigation costs, and also detailed a summary of litigation costs totaling $6,610.45 incurred between June 2000 and June 2001. Presumably, this request for costs was in addition to his previous request of $2,335.11, which he previously made in his supplement to his motion for costs filed on March 31, 2000.

## Discussion

In general, section 7430[1] allows a taxpayer who is a prevailing party in an administrative or court proceeding brought against the United States in connection with the determination, collection, or refund of any tax to recover reasonable administrative and litigation costs incurred in such proceeding. Sec. 7430(a). A judgment for litigation costs incurred in connection with a court proceeding may be awarded only if a taxpayer: (1) Is the prevailing party; (2) exhausted available administrative remedies; and (3) did not unreasonably protract the court proceeding. Sec. 7430(a), (b)(1), (3), (c)(4). Similarly, a judgment for administrative costs incurred in connection with an administrative proceeding may be awarded only if a taxpayer: (1) Is the prevailing party; and (2) did not unreasonably protract the administrative proceeding. Sec. 7430(a), (b)(3), (c)(4).

A taxpayer qualifies as a prevailing party only if: (1) The taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues presented; (2) the taxpayer satisfies the applicable net

---

[1] We apply sec. 7430 as amended by Congress in the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3101, 112 Stat. 685, 727. The amendments made by RRA 1998 to sec. 7430 apply to costs incurred or services performed after Jan. 18, 1999. Since petitioner's counsel neither incurred costs nor performed services for petitioner until June 1999, the RRA 1998 amendments clearly apply to this case.

worth requirement; and (3) the Commissioner fails to establish that his position was substantially justified. Sec. 7430(c)(4)(A) and (B).

The parties agree that petitioner exhausted his administrative remedies, substantially prevailed with respect to the amount in controversy, and meets the applicable net worth requirement. The remaining issues are: (1) Whether respondent's position in the administrative and court proceedings was substantially justified; (2) whether petitioner unreasonably protracted any portion of such proceedings; and (3) whether the amount of administrative and litigation costs petitioner seeks is reasonable.

Respondent bears the burden of proving that his position was substantially justified, while petitioner bears the burden of proof with respect to all other requirements. Sec. 7430(c)(4)(B); Rule 232(e); Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 437 (1997).

The Supreme Court has interpreted "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (construing similar language in the Equal Access to Justice Act, 28 U.S.C. sec. 2412(d)(1)(A) (1994)). Respondent's position need not be correct to be substantially justified; it need only have a "reasonable basis in law and fact." Id. at 566 n.2. Whether

respondent acted reasonably "ultimately turns upon those available facts which formed the basis for the position taken in the notice of deficiency and during the litigation, as well as upon any legal precedents related to the case." Maggie Mgmt. Co. v. Commissioner, supra at 443. The fact that respondent eventually loses or concedes a case is not determinative. Sokol v. Commissioner, 92 T.C. 760, 767 (1989). However, it is a factor that may be considered. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991).

For purposes of the administrative proceedings in this case, respondent's position is that which was articulated in the notice of deficiency, dated May 28, 1999. See sec. 7430(c)(7)(B). For purposes of the court proceedings in this case, respondent's position is that which was set forth in the answer to the petition filed on October 12, 1999. See Maggie Mgmt. Co. v. Commissioner, supra at 442. Ordinarily, we consider the reasonableness of each of these positions separately. Id. Here, however, we need not consider them separately because there is no indication that respondent's position changed or that respondent became aware of any additional facts that rendered his position any less justified between the issuance of the notice of deficiency and the filing of the answer to the petition. See id. at 442-443; Pittman v. Commissioner, T.C. Memo. 1999-389.

Dependency Exemptions

Section 151(c)(1) allows a taxpayer to deduct an exemption amount for each dependent as defined in section 152. Under section 152(a), the term "dependent" means certain individuals over half of whose support during the calendar year was received from the taxpayer. Eligible individuals who may be claimed as dependents include a son or daughter of the taxpayer. Sec. 152(a)(1).

When a child's parents are divorced, section 152(e)(1) provides a special rule to determine which one of them, if either, is entitled to the dependency exemption. That section provides that, if a child received over half of his support from his divorced parents, and such child is in the custody of one or both of his parents for more than one-half of the calendar year, then the parent having custody for a greater portion of the calendar year is entitled to the dependency exemption.[2] See sec. 1.152-4(a), Income Tax Regs.; sec. 1.152-4T, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984), to the effect that

---

[2] Sec. 152(e)(2) provides an exception to the rules stated above. That section allows the dependency exemption to the noncustodial parent when the custodial parent agrees to release the exemption. To obtain the advantage of this exception, the noncustodial parent must obtain from the custodial parent a written declaration that he or she "will not claim such child as a dependent for any taxable year beginning in such calendar year", and the noncustodial parent must attach the written declaration to his or her tax return. Sec.152(e)(2).

sec. 152(e) and the regulations concerning that section are inapplicable where both parents combined do not provide more than one-half the child's total support during the year in question.

In applying the support test, we evaluate the amount of support furnished by the taxpayer (or the taxpayer and his former wife in the case of divorced parents) as compared to the total amount of support received by the claimed dependent from all sources. Turecamo v. Commissioner, 554 F.2d 564, 569 (2d Cir. 1977), affg. 64 T.C. 720 (1975); sec. 1.152-1(a)(2)(i), Income Tax Regs. The taxpayer must initially demonstrate, by competent evidence, the total amount of support furnished by all sources for the taxable year at issue. Blanco v. Commissioner, 56 T.C. 512, 514 (1971). Otherwise, the taxpayer cannot be said to have established that he provided more than one-half of the support for the claimed dependent. Id. at 514-515.

Support provided by a third party, such as a Federal or State agency, is not considered support furnished by the taxpayer. See, e.g., Gulvin v. Commissioner, 644 F.2d 2 (5th Cir. 1981), affg. T.C. Memo. 1980-111; Lutter v. Commissioner, 61 T.C. 685 (1974), affd. 514 F.2d 1095 (7th Cir. 1975); Williams v. Commissioner, T.C. Memo. 1996-126, affd. without published opinion 119 F.3d 10 (11th Cir. 1997).

Petitioner reported total income of $10,698 on his 1998

Federal income tax return. Petitioner sent documents to respondent showing that during 1998 he received public assistance of $1,584 from the Fairfax County Department of Human Development (FCDHD), and that during the period between December 1, 1998, and December 1, 1999, petitioner received housing assistance of $9,036 from the U.S. Department of Housing and Urban Development (HUD). Petitioner did not send to respondent any documents that showed how much assistance he received from HUD prior to December 1, 1998.

Respondent's position in the administrative and litigation proceedings was that petitioner did not establish that he furnished over half the support of his three children during 1998. Respondent received the following documentation from petitioner in support of petitioner's claimed dependency exemptions: (1) An account ledger maintained by the apartment building where petitioner lived indicating that petitioner paid rent of $176 each month during 1998; (2) monthly phone bills ranging from $37 to $269 during 1998; and (3) an account statement indicating that during 1998 petitioner's monthly utility bills ranged from $49 to $125, prior to adjustment for "energy assistance".

On this record, we conclude that respondent's position denying petitioner dependency exemptions for his children during

1998 was substantially justified. The documents that petitioner sent to respondent failed to establish that his children received over half of their support from petitioner during 1998. Petitioner furnished no evidence that his ex-wife provided any support for the children during 1998, and the record does not include any indication of the amount of support, if any, that she may have provided. Moreover, the record does not indicate that petitioner's ex-wife signed a waiver of her right to claim a deduction for support of the child of whom she was awarded custody in the divorce, and no such waiver was attached to petitioner's tax return as required by section 152(e)(2). Petitioner's failure to show how much assistance he received from HUD during 1998 justified respondent's disallowance of petitioner's claimed dependency exemptions. Even on the assumption that petitioner's assistance from HUD did not significantly change from 1998 to 1999, petitioner's combined public assistance from HUD and FCDHD during 1998 nearly equaled his total income of $10,698. The other documents that petitioner submitted in support of his claimed dependency deductions did not establish that petitioner's children received over half of their support from petitioner and his wife during 1998.

Head of Household Filing Status

Section 2(b)(1) defines a head of household as including an individual taxpayer who is not married at the close of the

taxable year, and who maintains as his home a household that constitutes for more than one-half of such year the principal place of abode of the taxpayer's child.  Other provisions of section 2(b) are not relevant to this case.

A taxpayer is entitled to head of household filing status only if he pays more than half the cost of maintaining the household during the year.  Sec. 2(b)(1).  The cost of maintaining a household consists of the "expenses incurred for the mutual benefit of the occupants thereof by reason of its operation as the principal place of abode of such occupants".  Sec. 1.2-2(d), Income Tax Regs.  Such expenses include "property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises", but do not include "the cost of clothing, education, medical treatment, vacations, life insurance, and transportation."  Id.

Respondent's position in the administrative and litigation proceedings was that petitioner did not establish that he maintained as his home a household that constituted for more than one-half of 1998 the principal place of abode of his children and that petitioner did not establish that he paid over half the cost of maintaining the household during 1998.

As stated above, the documents that petitioner sent to respondent showed that petitioner received housing assistance from HUD of $9,036 during the period between December 1, 1998,

and December 1, 1999, but did not show how much housing assistance he received from HUD prior to December 1, 1998. On the assumption that petitioner's housing assistance from HUD did not significantly change from 1998 to 1999, petitioner's housing assistance from HUD nearly matched his total income of $10,698 during 1998.

We hold that respondent was substantially justified in concluding that petitioner failed to provide sufficient documentation to establish that he paid over half the cost of maintaining the household during 1998.

Earned Income Credit

Section 32(a) provides that, subject to limitations, in the case of an "eligible individual" an earned income credit shall be allowed against the individual's income tax liability. Section 32(c)(1)(A) defines an eligible individual as either (1) any individual who has a qualifying child for the taxable year, or (2) any other individual who does not have a qualifying child for the taxable year, if the individual's principal place of abode is in the United States for more than one-half of such taxable year, the individual is at least 25 years of age but has not reached 65 years of age before the close of the taxable year, and the individual is not a dependent for whom a deduction is allowable

under section 151 to another taxpayer in the same year.[3]  A qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year.  Sec. 32(c)(3)(A).

As set forth in the notice of deficiency, a portion of petitioner's claimed earned income credit was denied because respondent determined that petitioner failed to establish that any of his children had the same principal place of abode as petitioner for more than one-half of 1998.

In support of petitioner's claim that his children lived with him for more than one-half of 1998, petitioner sent to respondent the following documents:  (1) A handwritten letter from an administrative assistant of petitioner's apartment building dated June 29, 1999, addressed to whom it may concern: "Mr. Huyn [sic] rent for the year of 1998. was 236.[00].  His family member is Viet Huyhn [sic], Thuy Huynh and Van Huynh"; (2) three certifications of enrollment, each dated May 20, 1999, issued by schools in Virginia for the 1998-99 school year listing petitioner's address as the current address of his children; (3) report cards for each of his children for the period of September 8, 1998, to November 11, 1998; (4) letters dated May 20, 1999, from Dr. Duc M. Ngo, a physician who practiced in Fairfax,

---

[3]  An eligible individual with a qualifying child is entitled to a larger credit than is an eligible individual without a qualifying child.  See sec. 32(a) and (b).

Virginia, stating that petitioner's children had been under his medical care since October 1997; and (5) a document entitled "OWNER'S CERTIFICATION OF COMPLIANCE WITH HUD'S TENANT ELIGIBILITY AND RENT PROCEDURES", with an effective date of December 1, 1998, which listed petitioner and his three children as occupants of the household.

From the limited information in these documents, we are satisfied that respondent had a reasonable basis for his position that petitioner did not establish that his children lived with him for more than one-half of 1998.

The HUD certification document establishes that petitioner's children lived with him during the last month of 1998. The children's report cards and certifications of enrollment indicate that they lived with petitioner as early as September 1998. However, none of the documents establish that his children lived with him prior to September 1998. The copy of the administrative assistant's handwritten note is wrong about the amount of rent and inaccurate about the name of at least one of petitioner's children, and it is a hearsay document that we consider unworthy of belief. Similarly the document from the doctor is approximate on its face and does not establish the children's residence in 1998.

Despite having a reasonable basis for disallowing petitioner's claimed earned income credit, the Appeals officer,

in an effort to settle the dispute, offered to concede the earned income credit issue in exchange for petitioner's concessions of the dependency exemptions and head of household filing status issues. Petitioner refused the offer. After 4 months of correspondence and a transfer of the case to respondent's District Counsel office for litigation preparation, the parties settled the dispute on the same terms that respondent had originally offered and had continued to offer throughout the proceedings.

Petitioner argues that the Appeals officer's decision to concede the earned income credit issue at an early stage in the litigation shows that petitioner had furnished sufficient documentation to establish that he was entitled to the earned income credit.

On the contrary, the documents that petitioner submitted did not establish that his children lived with him for more than one-half of 1998. The Appeals officer's offer to concede the earned income credit issue reflects respondent's attempt to settle the matter expeditiously--not a conclusion by respondent that petitioner had established his entitlement to the earned income credit. Respondent's proposed concession was conditioned on petitioner's conceding the remaining issues. We note that even if respondent had not conditioned his concession of the earned income credit issue on petitioner's concession of the other

issues, the Commissioner's concession of an issue by itself is not determinative in the inquiry of whether his position was substantially justified.  Swanson v. Commissioner, 106 T.C. 76, 94 (1996).

Petitioner also contends that even if the documentation that he submitted to respondent was insufficient to establish that his children lived with him for more than 6 months of 1998, respondent independently should have investigated the matter for petitioner.[4]

On the contrary, it is not unreasonable for the Commissioner to require a taxpayer to corroborate a claim concerning dispositive and unresolved facts.  Baker v. Commissioner, 83 T.C. 822, 830 (1984), vacated and remanded on another issue 787 F.2d 637 (D.C. Cir. 1986); see Williams v. Commissioner, T.C. Memo. 1997-541, affd. without published opinion 176 F.3d 486 (9th Cir. 1999); Simpson v. Commissioner, T.C. Memo. 1995-194.  The

---

[4]  In the present case petitioner never did provide evidence to establish that his children lived with him for more than 6 months of 1998.  Petitioner did not even appear at the hearing on this matter.  Petitioner's counsel did not obtain the required evidence or arrange for petitioner to be present at the hearing. Under the present condition of the record, not only was respondent's position reasonable with respect to the issue as to petitioner's entitlement to the earned income credit, but that issue well might have been decided for respondent if respondent had not conceded it as part of the overall settlement of the case.

Commissioner is not required to concede a case until he receives the documentation necessary to prove a taxpayer's contentions. <u>Brice v. Commissioner</u>, T.C. Memo. 1990-355, affd. without published opinion 940 F.2d 667 (9th Cir. 1991).

## Conclusion

We conclude that respondent had a reasonable basis in fact and law for all issues raised in the notice of deficiency, and, therefore, his position was substantially justified. Thus, petitioner is not a prevailing party and is not entitled to an award of administrative or litigation costs under section 7430. Based on the foregoing, we need not consider whether petitioner unreasonably protracted any portion of the proceedings or whether the amount of administrative and litigation costs claimed by petitioner is reasonable.

To reflect the foregoing,

<u>An appropriate order and a decision as stipulated by the parties will be entered</u>.