T.C. Summary Opinion 2003-133

UNITED STATES TAX COURT

HARVEY TAYLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4818-01S.                    Filed September 25, 2003.

Harvey Taylor, pro se.

<u>Matthew J. Bailie</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $4,026 for the taxable year 1997.

The issues for decision are: (1) Whether petitioner is entitled to four dependency exemption deductions; (2) whether petitioner is entitled to head of household filing status; and (3) whether petitioner is entitled to an earned income credit.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Fresno, California, on the date the petition was filed in this case.

Petitioner has four children: Tristan Taylor, Harvey Taylor, Khyrie Taylor, and Kares Taylor. Petitioner and the children's mother, Angela White (Ms. White), have never been married to each other. During the year in issue, Ms. White had physical custody of the children, and her residence was the children's principal place of abode.

During the year in issue, petitioner earned $18,546 in taxable wages. He resided with his brother in a two-bedroom apartment. Child support payments were deducted from his paycheck every 2 weeks; petitioner estimates the amount of these payments to have been $291. In addition to the child support, petitioner bought presents for the children on birthdays and holidays, and the children were covered by petitioner's dental

insurance plan. However, petitioner did not directly pay any other expenses for the children on a routine basis.

During the year in issue, Ms. White lived in a three-bedroom apartment with the four children. She was employed part time as an assisted living care provider, and she received approximately $1,500 per month in welfare and Social Security income. The children were covered by a State medical insurance program. Ms. White estimated her monthly expenses during that year to be as follows: $575 for rent, $100 for utilities, $40 for life insurance, $45 for telephone service, $300 for food, and $280 for a car payment and car insurance. Because two of petitioner's and Ms. White's children are developmentally disabled, Ms. White must incur additional expenses.

The first issue for decision is whether petitioner is entitled to four dependency exemption deductions. Petitioner claimed dependency exemption deductions for Tristan, Harvey, Khyrie, and Kares. Respondent disallowed each of these deductions.

Among other requirements, a taxpayer generally is entitled to a dependency exemption deduction for a child only if the taxpayer provides over half of the child's total support during the taxable year. Secs. 151(a), (c) and 152(a). The total support for a child includes the entire amount of support which the child receives from all sources, including Social Security

benefits and welfare payments paid for the child's benefit. Lutter v. Commissioner, 61 T.C. 685 (1974), affd. per curiam 514 F.2d 1095 (7th Cir. 1975); sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner was unable to provide estimates concerning the portion of the children's expenses which he paid during 1997. Petitioner did testify, however, that he paid $291 in child support every 2 weeks.[1]  This would equal approximately $7,566 in 1 year.  Ms. White, on the other hand, testified that she received between $583 and $1,200 in monthly wages,[2] in addition to the $1,500 per month in welfare and Social Security payments. Disregarding the uncertain amount of wage income, Ms. White still received approximately $18,000 in 1 year from welfare and Social Security.  Thus, even if we accept petitioner's estimate of the amount of his child support payments, the children nevertheless received a significantly greater amount of support from sources other than petitioner.  Furthermore, petitioner admitted that he did not make routine payments for expenses in excess of the child support payments.  On the basis of these facts, we find that petitioner did not provide over half of the children's support

[1]The exact amount of the support which Ms. White actually received is unclear.  Ms. White testified that she received less than this amount because she was on welfare at that time.

[2]While Ms. White first testified that she received $1,200 in monthly "earned income", she later testified that her yearly income from her employment was "less than $7,000."

during 1997.  Petitioner therefore is not entitled to the dependency exemption deductions which he claimed for that year. Secs. 151(a), (c) and 152(a).

The second issue for decision is whether petitioner is entitled to head of household filing status.  Petitioner claimed head of household filing status on his return, and respondent changed the filing status to single in the notice of deficiency.

As is relevant here, a taxpayer is entitled to head of household filing status with respect to children only if the taxpayer maintains a household which is the principal place of abode of one or more of those children.  Sec. 2(b)(1). Petitioner admits that his household was not the principal place of abode of any of his children during 1997.  Consequently, petitioner is not entitled to head of household filing status for that year.  Id.

The third issue for decision is whether petitioner is entitled to an earned income credit.  Petitioner claimed an earned income credit with Tristan and Harvey as qualifying children.  In the notice of deficiency, respondent disallowed the earned income credit in full.

Subject to certain limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income.  Sec. 32(a)(1).  Earned income includes wages.  Sec. 32(c)(2)(A).  For the year in issue,

individuals who do not have any qualifying children, and whose earned income is $9,770 or greater are not entitled to an earned income credit for that year. Sec. 32(a) and (b); Rev. Proc. 96-59, 1996-2 C.B. 392. An individual with qualifying children is entitled to a credit at higher levels of earned income and in a larger amount than is an individual without qualifying children. Sec. 32(a) and (b). As is relevant here, a qualifying child is a child of a taxpayer who has the same principal place of abode as the taxpayer for more than half of the taxable year. Sec. 32(c)(3)(A).

Petitioner claimed the earned income credit with Tristan and Harvey as qualifying children. However, none of petitioner's children, including Tristan and Harvey, resided with petitioner for any portion of 1997. Petitioner therefore had no qualifying children during that year. See sec. 32(c)(3)(A)(ii). Because petitioner had no qualifying children, and because he had taxable wages of $18,546 in 1997, petitioner is not entitled to an earned income credit in any amount for that year. Sec. 32(a) and (b); Rev. Proc. 96-59, supra.

Finally, we briefly address an argument made by petitioner in his petition that, because he did not receive a refund of Federal income taxes for 1997, "the IRS [should] go after the person who got the refund." At trial, petitioner indicated that

the refund for the overpayment shown on his 1997 return was applied to his past-due child support liability.

The Commissioner is authorized to refund to a taxpayer any overpayment the taxpayer made. Sec. 6402(a). However, where the taxpayer is liable for past-due support, the Commissioner is statutorily required to intercept and to remit any overpayments, to the extent of the liability, to the State collecting the support. Sec. 6402(c).[3] Whether a refund for a given taxable year is paid directly to a taxpayer or is intercepted for past-due support, the Commissioner nevertheless may determine that there is a deficiency in tax for that year. Terry v. Commissioner, 91 T.C. 85 (1988). If the Commissioner makes such a determination, the taxpayer is not entitled to an offset of the refund against the amount of the deficiency. Sec. 6211(a). In short, because the 1997 refund was remitted on petitioner's behalf in accordance with his obligation to pay child support, petitioner is liable for the subsequently determined deficiency in the tax shown on the 1997 return.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.

----

[3]This Court does not have jurisdiction to review the Commissioner's interception of refunds for past-due child support under the authority of sec. 6402(c). Sec. 6402(f).