**Robert B. BRANCH, Appellant,**

v.

**INTERNAL REVENUE SERVICE, Appellee.**

No. 87–2612.

United States Court of Appeals, Eighth Circuit.

Submitted April 4, 1988.
Decided April 29, 1988.

---

Robert B. Branch, Excelsior Springs, Mo., for appellant.

Gary R. Allen, Tax Div., Washington, D.C., for appellee.

Before ARNOLD, FAGG and WOLLMAN, Circuit Judges.

PER CURIAM.

Robert B. Branch appeals the district court's order granting summary judgment for the Internal Revenue Service (IRS) in Branch's suit seeking a refund of tax penalties assessed against him under 26 U.S.C. § 6702. We affirm.

In 1983 Branch filed three amended income tax returns, seeking refunds of taxes paid for the 1980, 1981, and 1982 tax years. Branch claimed he was entitled to refunds for a number of reasons, each of which he now acknowledges is meritless. Branch's accountant contacted the IRS in an unsuccessful attempt to withdraw the amended returns. The IRS disallowed Branch's claim for refunds and assessed him frivolous return penalties of five hundred dollars for each return. *See id.* When Branch did not pay the penalties, the IRS levied on his bank account and collected the penalties plus interest.

Although Branch no longer argues for the viability of his original amended returns, he filed this suit contesting assessment of the penalties. The district court granted the IRS' motion for summary judgment, holding that Branch had presented no genuine issue of material fact and that the IRS was within its statutory authority in assessing frivolous return penalties in this case. We agree.

The Internal Revenue Code provides that a five hundred dollar penalty shall be imposed on any individual who files a tax return containing "information that on its face indicates that the self-assessment is substantially incorrect," *id.* § 6702(a)(1)(B), and when the filing is due to a "position which is frivolous," *id.* § 6702(a)(2)(A). Branch now concedes his amended returns are incorrect and not justifiable. Even so, he claims the returns were not frivolous when filed because he filed them in good faith reliance on the advice of his accountant and his lawyer.

■■ A taxpayer's asserted good faith is not relevant to the assessment of frivolous return penalties. *See, e.g., Kahn v. United States*, 753 F.2d 1208, 1214 (3d Cir.1985). Branch also suggests section 6702 is inapplicable because he attempted to withdraw his amended returns shortly after filing. The legislative history of section 6702, however, indicates the penalty provision is intended to deter the *filing* in the first instance of frivolous returns. *See* S.Rep. No. 494, 97th Cong., 2d Sess. 277, *reprinted in* 1982 U.S. Code Cong. & Admin. News 781, 1023–24. Finally, to the extent Branch suggests his amended returns are not cognizable as returns within the meaning of section 6702, his claim is without merit. *See Sisemore v. United States*, 797 F.2d 268, 270 (6th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 173, 93 L.Ed.2d 110 (1986).

Thus, the district court properly granted summary judgment for the IRS.

Affirmed.