**Ernest COLTON, Plaintiff–Appellant,**

v.

**Lawrence B. GIBBS, Commissioner of Internal Revenue, and Unknown Government Officials, Defendants–Appellees.**

**No. 88–15513.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 1990 *.

Decided May 11, 1990.

Ernest Colton, Carson City, Nev., pro se.

James I.K. Knapp, Gary R. Allen, Ann B. Durney, and Laura Marie Conley O'Hanlon, Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before FLETCHER, PREGERSON and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Appellant Ernest Colton appeals the district court's dismissal of this action, in which Colton is seeking the return of a penalty assessed by the Internal Revenue Service (IRS) under 26 U.S.C. section 6702. Since the IRS was acting within its statutory authority when it imposed the penalty, Colton is entitled to none of the relief sought. The district court correctly dismissed the complaint and we affirm.

*I. Facts*

Ernest Colton filed a Form 1040X (Amended U.S. Individual Income Tax Return) with the IRS on April 11, 1986. The form was filed as an amendment to Colton's original 1984 tax return, which had shown a total tax liability of $2,206.90. On the amended return, Colton changed this amount to zero and demanded a refund of all taxes paid in 1984. In a statement attached to the form, he cited "crimes" allegedly committed by the government and claimed a right not to become an accomplice in those crimes by paying taxes.

The IRS denied Colton's refund and assessed a $500 penalty against him for filing a frivolous income tax return in violation of 26 U.S.C. section 6702.[1] Colton paid $75 toward the penalty and then filed a claim for a refund of the $75.[2] The IRS denied this claim.

Colton subsequently filed a complaint against the Commissioner of Internal Revenue and unknown government officials, seeking, *inter alia,* the return of his $75, a refund of his 1984 taxes, and $1,000 in damages. He also sought "[a] determina-

tion if income taxes are voluntary or not" and "[a] clarification why payment must be made to the Internal Revenue Service instead of the U.S. Treasury."

The government filed a motion to dismiss. The district court granted the motion in a minute order, but reserved judgment on the questions of whether 26 U.S.C. section 6702 applies to amended tax returns and whether notice is required prior to imposition of section 6702 penalties. After the parties filed supplemental authorities on these issues, the court entered an order of dismissal which confirmed its earlier minute order and specifically found that section 6702 does apply to amended tax returns and that no notice is required prior to imposition of a section 6702 penalty.

Appellant filed a timely notice of appeal.

*II. Standard of Review*

The district court dismissed Colton's complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). This is a question of law and is reviewed de novo. *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989).

*III. Merits of the Complaint*

The district court was correct in dismissing this entirely frivolous complaint; we accordingly reject this entirely frivolous appeal.

Colton's assertion that payment of taxes would implicate him in crimes is without foundation. Paying income taxes is not a crime; it is an obligation. 26 U.S.C. § 6151. The amended tax return which bore this assertion was therefore frivolous and incorrect under the meaning of 26 U.S.C. section 6702. *See Bradley v. United States,* 817 F.2d 1400, 1403-04 (9th Cir. 1987).

---

1. This section authorizes the IRS to collect a $500 civil penalty from any individual who files a tax return containing "information that on its face indicates that the self-assessment is substantially incorrect" when such filing is based on "a position which is frivolous." 26 U.S.C. § 6702.

2. By paying 15% of the total amount of the penalty and filing a claim for a refund of that payment, a taxpayer can stay collection proceedings long enough to obtain a determination of liability from a district court. 26 U.S.C. § 6703(c).

Section 6702 applies to all tax returns, including amended returns. *See Branch v. IRS*, 846 F.2d 36, 37 (8th Cir. 1988) (per curiam); *Sisemore v. United States*, 797 F.2d 268, 270 (6th Cir.), *cert. denied*, 479 U.S. 849, 107 S.Ct. 173, 93 L.Ed.2d 110 (1986). The IRS was justified in imposing the $500 penalty, and was not required to give notice before doing so. 26 U.S.C. § 6703(b). Colton is not entitled to the relief sought.[3]

### IV. Sanctions and Costs

Since we find this appeal to be frivolous, we are authorized to award appellees "just damages ... and single or double costs." 28 U.S.C. § 1912; Fed.R.App.P. 38; *see Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir.1985) (per curiam). We note that Colton has a long history of tax-related litigation (including three unsuccessful appeals to this court), most of which has been dilatory and abusive. We therefore award appellees the sum of $500 to offset the expenses of this appeal.

AFFIRMED.

---

**3.** Colton's claim that the IRS did not follow purely internal procedures of the Internal Revenue Manual, specifying, for example, that "tax examiners [must] underline [certain] entries on form 8278 in brown pencil [to] provide easy identification for the remote terminal opera-

tors," is as frivolous as the rest of this action. *See Bradley,* 817 F.2d at 1405 n. 7.

