T.C. Memo. 2001-321

UNITED STATES TAX COURT

JAMES EDWARD BRIGGSDANIELS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18569-99.              Filed December 27, 2001.

James Edward Briggsdaniels, pro se.

Mathew A. Mendizabal and James A. Whitten, for respondent.

MEMORANDUM OPINION

BEGHE, Judge:  Respondent determined deficiencies in
petitioner's Federal income tax of $3,018 for 1997 and $3,760 for
1998.  The issues for decision are:  (1) Whether petitioner is
entitled to head of household filing status; (2) whether
petitioner is entitled to deductions for dependency exemptions;

and (3) whether petitioner is entitled to an earned income credit.  We hold for respondent on all issues.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioner resided in San Jose, California, at the time the petition was filed.

Petitioner has three sons:  James, Jr., born May 17, 1979; Jamar, born December 30, 1980; and Jeremy, born May 15, 1982.

On July 16, 1996, a complaint against petitioner was filed in the Superior Court of California in the case of County of Santa Clara v. Daniels, No. DAO51877.  The suit was instituted by Santa Clara County to establish that petitioner is the father of James, Jr., Jamar, and Jeremy, and to collect reimbursement of child support payments by the County to the children's caretakers.  On May 18, 1999, judgment was entered in favor of the County, to the effect that petitioner's fatherhood was established, and that he was liable for child support of $25,847 for the period July 1993 through March 1999.

Jeremy was under a court ordered out-of-home placement for the following periods:  August 29, 1996 to August 4, 1997, and February 3, 1998 to August 25, 1998.  During portions of 1997 and 1998, Jeremy was in the custody of the Santa Clara County

Juvenile Hall and the Harold Holden Ranch for Boys, a Santa Clara County juvenile facility.

During portions of 1997, Jamar was in the custody of Santa Clara Juvenile Hall and the Harold Holden Ranch for Boys.

Petitioner introduced no evidence to establish amounts contributed by him as support for James, Jr., Jeremy, and Jamar.

## Discussion

Respondent's determination is generally presumed to be correct, and petitioner bears the burden of proving that it is incorrect. Rule 142(a);[1] Welch v. Helvering, 290 U.S. 111, 115 (1933).[2]

## Issue 1. Head of Household

Petitioner claimed head of household filing status for 1997 and 1998. Section 2(b)(1)(A) provides that a person shall be considered a head of household if he is not married and provides over half the cost of maintaining as his home a household that

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated.

[2]Although respondent's examination of the 1998 taxable year commenced after July 22, 1998, sec. 7491 does not necessarily shift the burden of proof to respondent on any of the issues in the case. The stipulation of facts was prepared by respondent using documents that respondent had obtained from sources other than petitioner, and petitioner did not introduce any credible evidence with respect to any of the issues in the case.

for more than one-half the year was his child's or children's principal place of abode.  Sec. 2(b)(1).

Petitioner did not submit any evidence to prove that in either 1997 or 1998 he provided over half the cost of maintaining as his home a household that for more than one-half the year was the principal place of abode of any of his three sons. Petitioner has not shown that he qualifies for head of household filing status for 1997 or 1998.  Respondent's determination is sustained.

Issue 2.  Dependency Exemptions

Petitioner claimed dependency exemption deductions for his three sons for 1997 and 1998.  Section 151(c)(1)(B) allows a dependency exemption deduction for each child of the taxpayer so long as the child has not attained age 19 (24 if the child is a student) at the close of the taxable year and more than half of the child's support for the taxable year was received from the taxpayer.  Sec. 152(a).  In order for petitioner to establish that he provided more than half of the support for any of his sons, he must show by competent evidence the total support furnished for each of them from all sources during the years at issue.  Blanco v. Commissioner, 56 T.C. 512, 514 (1971). Petitioner introduced no evidence of the total support furnished for each of his sons from all sources for either of the years at issue.  Moreover, it appears from the judgment of the Superior

Court of California in <u>County of Santa Clara v. Daniels</u>, <u>supra</u>, that petitioner failed to pay child support for his three sons from 1993 through 1999, and that the County provided support payments to the children's caretakers. The payments by the County do not constitute support by petitioner. <u>Lutter v. Commissioner</u>, 61 T.C. 685 (1974), affd. 514 F.2d 1095 (7th Cir. 1975). Accordingly, respondent's determination that none of petitioner's three sons is his dependent for section 151 purposes for the taxable years is sustained.

<u>Issue 3. Earned Income Credit</u>

Petitioner claimed the earned income credit for 1997 and 1998. Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. An eligible individual is any individual who either: (1) Has a qualifying child as defined by section 32(c)(3)(A), or (2) has no qualifying child and meets the requirements of section 32(c)(1)(A)(ii).

A taxpayer must satisfy the requirements of section 32(c)(3) in order to be entitled to the earned income credit for a qualifying child. Section 32(c)(3)(A)(i) requires that the individual bear the relationship to petitioner prescribed by section 32(c)(3)(B). Section 32(c)(3)(B)(i)(I) provides that an individual bears the required relationship to the taxpayer if he or she is, among other things, a son or daughter of the taxpayer.

Section 32(c)(3)(A)(ii) requires that the child share the same principal place of abode as the taxpayer for more than one-half the taxable year.  Section 32(c)(3)(A)(iii) requires that the child meet the age requirements of subparagraph (C).  Section 32(c)(3)(C) provides that a child meets the age requirement if he or she has not attained the age of 19 as of the close of the calendar year in which the taxable year of the taxpayer begins.

Jeremy and Jamar satisfy the age and relationship tests of section 32(c)(3).[3]  However, petitioner has offered no evidence to establish that either Jeremy or Jamar shared petitioner's residence for more than one-half of 1997 or 1998.  Petitioner has not established that he is entitled to the earned income credit for 1997 or 1998 on the ground of having any qualifying children under section 32(c)(3).

An individual with no qualifying children is eligible for the earned income credit, subject to the phaseout limitations of section 32(a)(2), if the individual's principal place of abode is in the United States for more than one-half of the taxable year, the individual has attained the age of 25 but not the age of 65, and is not a dependent for whom a deduction is allowable under section 151.  Sec. 32(c)(1)(A).  Petitioner meets the residency

_____

[3]Only two qualifying children need be shown on the taxpayer's return in order for the taxpayer to be entitled to the maximum credit.  Sec. 32(b).  Petitioner showed the names of Jeremy and Jamar on his returns for this purpose.

and age requirements of section 32(c)(1)(A), but is subject to the phaseout limitations of section 32(a)(2).

For the 1997 tax year, the earned income credit is completely phased out under section 32(a)(2) for an individual with no qualifying children if the taxpayer's earned income and adjusted gross income is over $9,769. Petitioner's earned income and adjusted gross income was $21,994 in 1997. Petitioner is therefore not entitled to the earned income credit for the 1997 tax year. For the 1998 tax year, the earned income credit is completely phased out under section 32(a)(2) for an individual with no qualifying children if the taxpayer's earned income and adjusted gross income exceeds $10,029. Petitioner's earned income and adjusted gross income in 1998 was $18,479. Petitioner is therefore not entitled to the earned income credit for the 1998 tax year.

At trial, petitioner made no offer of proof of any relevant facts that would tend to support his claims. His brief contains no legal arguments that would have any bearing on the outcome, much less tend to support any of his claims. In Briggsdaniels v. Commissioner, T.C. Memo. 2000-105, affd. without published opinion 248 F.3d 1169 (9th Cir. 2001), we entered decision sustaining respondent's determinations that petitioner was not entitled to head of household filing status, dependency deductions, or the earned income credit for the taxable years

1995 and 1996; the Court of Appeals for the Ninth Circuit affirmed our decision.

Section 6673(a)(1)(A) and (B) allows the Tax Court to require a taxpayer to pay to the United States a penalty of up to $25,000 when a taxpayer institutes or maintains a proceeding primarily for delay, or where the taxpayer's position in the proceeding is frivolous or groundless. The record in this case shows no warning to petitioner from respondent or the Court that his conduct in maintaining this proceeding might subject him to a penalty under section 6673(a). Respondent made no motion for a penalty herein under section 6673(a) against petitioner, and this case is not such a case that we would impose a section 6673(a) penalty on our own motion.

We do take this occasion to inform petitioner that Courts of Appeals have their own sanctioning power to deal with frivolous appeals. Sec. 7482(c); 28 U.S.C. sec. 1912 (1994); Fed. R. App. P. 38. The Court of Appeals for the Ninth Circuit, to which this case would be appealable, has not hesitated to use its power to order sanctions under these provisions against taxpayer-appellants in appropriate cases. See, e.g., Smith v. Commissioner, 800 F.2d 930, 936 (9th Cir. 1986), affg. T.C. Memo. 1984-661; Colton v. Gibbs, 902 F.2d 1462, 1464 (9th Cir. 1990); Trohimovich v. Commissioner, 776 F.2d 873, 875-876 (9th Cir. 1985).

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.