**Floyd A. WRIGHT, Plaintiff–Appellant,**

v.

**Jeffrey R. MEYER; et al., Defendants–Appellees.**

**No. 01–17563.**

**D.C. No. CV–00–00770–WBS/DAD.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 18, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Floyd A. Wright appeals pro se the district court's judgment dismissing his action alleging that Federal and Nevada County officials violated his constitutional rights by foreclosing tax liens against him and subsequently evicting him from his property pursuant to an order of judicial sale. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for lack of subject matter jurisdiction, *Montes v. United States*, 37 F.3d 1347, 1351 (9th Cir.1994), as well as dismissals for failure to state a claim, *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996). We affirm.

The district court properly dismissed Wright's claims against the United States, the United States Marshal Service, and the Internal Revenue Service ("IRS") for lack of subject matter jurisdiction because Wright failed to show an explicit waiver of sovereign immunity. *See Holloman v. Watt*, 708 F.2d 1399, 1401–02 (9th Cir. 1983) (per curiam). Likewise, the district court properly dismissed the individual federal defendants in their official capacities. *See United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990).

The district court properly dismissed Wright's claims against the United States Marshals in their individual capacities, and against the Nevada County officials who assisted the Marshals, because those claims were based entirely on the defendants' role in executing a facially valid judicial order which had been affirmed by

this court. *See Coverdell v. Dep't of Social & Health Servs.*, 834 F.2d 758, 765 (9th Cir.1987).

The district court properly dismissed Wright's claims against attorneys Meyer and Duane because those claims were based entirely on their roles in representing the government in Wright's prior tax case. *See Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir.1991).

The district court properly dismissed Wright's claims seeking to re-litigate the merits of the underlying tax lien and order of judicial sale which were previously fully litigated and affirmed on appeal. *See United States IRS v. Palmer (In re Palmer )*, 207 F.3d 566, 568 (9th Cir.2000).

Appellee's motion for sanctions is granted. Wright unsuccessfully appealed to this court the underlying tax matter and then brought this frivolous appeal to relitigate the prior matter. *See Smith v. C.I.R.*, 800 F.2d 930, 936 (9th Cir.1986) ("An appeal is frivolous when the result is obvious or the appellant's arguments are wholly without merit."). Accordingly, we impose a sanction of $1500.00 plus costs for the prosecution of this frivolous appeal. *See Colton v. Gibbs*, 902 F.2d 1462, 1464 (9th Cir.1990) (imposing sanctions on taxpayer with "long history of tax-related litigation.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.