T.C. Memo. 2012-326

UNITED STATES TAX COURT

ELIZABETH O'BRIEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11736-10L.          Filed November 27, 2012.

Elizabeth O'Brien, pro se.

<u>Timothy B. Heavner</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent issued to petitioner a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 [1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended.

**[*2]** (notice of determination) sustaining a proposed levy action to collect a section 6702(a) penalty. Pursuant to section 6330(d), petitioner timely filed a petition seeking review of respondent's determination. The issues for decision are: (1) whether respondent properly and timely assessed the section 6702(a) penalty against petitioner; (2) whether respondent abused his discretion in upholding the proposed levy action; and (3) whether petitioner is liable for a penalty under section 6673 for instituting proceedings primarily for delay or for maintaining frivolous or groundless positions.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of fact are incorporated herein by this reference. Petitioner resided in Virginia when she filed her petition.

During 2004 petitioner was employed by the City of Richmond Public Schools (RPS). In 2004 she received payment of $29,579 from RPS. RPS issued to petitioner a Form W-2, Wage and Tax Statement, on which RPS reported that she received wages of $29,579 during 2004.

Petitioner and her husband, Daniel O'Brien, timely filed a joint Form 1040, U.S. Individual Income Tax Return, for 2004. On the Form 1040 they reported

[**\*3**] adjusted gross income of $84,579 and claimed a refund of $1,383. Petitioner attached to the return the Form W-2 from RPS.[2]

On April 21, 2008, petitioner and Mr. O'Brien filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 2004. On the Form 1040X they reported adjusted gross income of negative $3,063 and taxable income of zero and claimed a refund of $18,328. Petitioner attached a Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., on which she reported that she received taxable income of zero from RPS during 2004.[3] On the Form 4852 petitioner stated that she calculated her income on the basis of the definition of wages in section 3401(a).[4]

---

[2]Petitioner and Mr. O'Brien also attached to their 2004 return a Form W-2 for Mr. O'Brien, on which Metso Automation USA Inc. (Metso), reported that it paid Mr. O'Brien wages of $58,872 during 2004.

[3]Petitioner and Mr. O'Brien also attached to their 2004 amended return a Form 4852 for Mr. O'Brien, on which he reported that he had received taxable income of zero from Metso during 2004.

[4]Sec. 3401(a) defines wages as "all remuneration * * * for services performed by an employee for his employer". This Court and other Federal courts have held that taxpayer arguments similar to those made by petitioner are frivolous and groundless. See Montero v. Commissioner, 354 Fed. Appx. 173 (5th Cir. 2009); Sullivan v. United States, 788 F.2d 813, 815 (1st Cir. 1986); Pabon v. Commissioner, T.C. Memo. 1994-476.

**[*4]**    Subsequently, on March 23, 2009, respondent assessed a section 6702(a) penalty against petitioner.[5]  Respondent mailed to petitioner a notice advising her that her 2004 Form 1040X was frivolous and that a $5,000 penalty under section 6702(a) had been assessed.

On August 10, 2009, respondent mailed to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing.  Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting that respondent withdraw the levy.  She did not request a collection alternative.  In an attached letter petitioner listed the following reasons a levy was not appropriate:

> 1. This penalty was imposed by a computer generated form letter which is unsigned.
> 2. Upon the information and belief that no valid assessment document signed by an assessment officer exists.

---

[5]Respondent also assessed a sec. 6702(a) civil penalty against Mr. O'Brien and filed a notice of intent to levy with respect to Mr. O'Brien's sec. 6702(a) penalty.  Mr. O'Brien untimely requested a sec. 6330 hearing.  The Internal Revenue Service (IRS) Office of Appeals (Appeals Office) conducted an equivalent hearing and subsequently issued to Mr. O'Brien a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330.  Petitioner and Mr. O'Brien filed a petition with this Court contesting respondent's determinations with respect to both the notice of determination issued to petitioner and the decision letter issued to Mr. O'Brien.  Respondent filed a motion to dismiss for lack of jurisdiction with respect to Mr. O'Brien.  We granted respondent's motion.

**[*5]**   3. To our knowledge neither of us is among the responsible "persons" under a delegated "duty" for which the alleged application of the "Frivolous Return" penalties are statutorily defined to apply.
4. At no time has the IRS specified what is "frivolous".
5. There is no statute or regulation allowing two frivolous penalties on the same return.
6. The assigned penalties do not [sic] state what return is the basis for the penalty.
7. We previously offered to correct any problems in response to the 3176SC letter. No response to our letter has been received.

Petitioner wrote that if the issues could not be resolved administratively, she would pursue a remedy under section 7214.[6] She also requested that respondent conduct the hearing through written correspondence.

By letter dated February 26, 2010, Settlement Officer Patty Jensen informed petitioner that she had been assigned petitioner's case and explained the objective of a section 6330 hearing. In the letter Settlement Officer Jensen scheduled a telephone conference call for March 31, 2010. Settlement Officer Jensen also requested that petitioner provide the following: (1) signed tax returns for 2006-08, (2) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, (3) copies of all pages of petitioner's personal bank statements beginning September 1, 2009, (4) current wage statements for

---

[6]Sec. 7214(a) provides that any officer or employee of the United States who acts unlawfully in connection with any revenue law "shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both."

[*6] both petitioner and Mr. O'Brien, (5) a current mortgage statement, (6) current copies of all investment statements, and (7) a Form 656, Offer in Compromise, if petitioner wanted to propose an offer in compromise.

Petitioner did not provide the information that Settlement Officer Jensen had requested. Instead, on March 11, 2010, she mailed to Settlement Officer Jensen a letter requesting that the hearing be conducted by correspondence. On March 24, 2010, she mailed to Settlement Officer Jensen a second letter stating that the Appeals Office's February 26, 2010, letter was premature.[7]

On April 21, 2010, respondent's Appeals Office issued to petitioner the notice of determination sustaining the proposed levy. Petitioner timely filed a petition in this Court requesting review of the notice of determination. She then filed a motion to dismiss for lack of subject matter jurisdiction on the ground that respondent assessed the penalty after the period of limitations had expired. On February 28, 2011, we called this case for trial and denied petitioner's motion.[8] Before the trial began we warned petitioner that if she continued to take frivolous

---

[7]With respect to petitioner's letters of March 11 and 24, 2010, both petitioner and Mr. O'Brien prepared and submitted the letters to Settlement Officer Jensen.

[8]At that time we advised petitioner that the period of limitations issue was not an appropriate matter for a motion to dismiss for lack of jurisdiction and that we would consider the period of limitations issue in deciding this case.

**[*7]** positions in her posttrial filings, we would consider imposing a penalty under section 6673.[9]

## OPINION

### I.    Statutory Framework

Section 6331(a) authorizes the Secretary[10] to levy upon property and property rights of a taxpayer liable for taxes if the taxpayer fails to pay those taxes within 10 days after notice and demand for payment is made. See sec. 6671(a); see also Blaga v. Commissioner, T.C. Memo. 2010-170, slip op. at 11. Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made. If a taxpayer requests a hearing, a hearing shall be held before an impartial officer or employee of the Appeals Office. Sec.

---

[9]We asked respondent to discuss in his posttrial memorandum whether, and to what extent, a sec. 6673 penalty is appropriate in this case. In the posttrial memorandum respondent acknowledged that petitioner advanced frivolous and groundless arguments throughout these proceedings but did not request that we impose a sec. 6673 penalty against her.

[10]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A)(i).

**[\*8]** 6330(b)(1), (3).  During the hearing a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer is precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must issue a notice of determination regarding whether the proposed levy action may proceed.  In so doing, the Appeals Office is required to take into consideration:  (1) verification presented by the Secretary that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed levy action.  Sec. 6330(c)(3).

If the taxpayer disagrees with the Appeals Office's determination, the taxpayer may seek judicial review by appealing to this Court.  Sec. 6330(d).  We have jurisdiction to review the Commissioner's determination when the underlying

**[\*9]** tax liability consists of section 6702 penalties.  See Callahan v. Commissioner, 130 T.C. 44, 48-49 (2008).

If the underlying liability is properly at issue, we review de novo the existence and amount of the taxpayer's liability.  See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  We review all other determinations of the Appeals Office for abuse of discretion.  See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.  An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law."  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

The parties stipulated that petitioner's underlying liability is properly at issue in this case.  Accordingly, we review de novo the question of whether petitioner is liable for the section 6702(a) penalty.  See Goza v. Commissioner, 114 T.C. at 182; see also Hoffman v. Commissioner, 119 T.C. 140, 145 (2002) (a taxpayer's assertion that the period of limitations has expired constitutes a challenge to the underlying liability).  We review other aspects of respondent's determination for abuse of discretion.

Petitioner has raised two issues with respect to her underlying liability for the section 6702(a) penalty.  First, petitioner contends that her Form 1040X, and

**[*10]** her conduct in filing the Form 1040X, does not justify the imposition of a penalty under section 6702(a). Second, petitioner contends that respondent assessed the section 6702(a) penalty after the period of limitations had expired, specifically the period of limitations on assessment of tax established in section 6501(a). We address each of petitioner's arguments in turn. Finding that petitioner is liable for the section 6702(a) penalty, the assessment of which is not time barred, we then address whether respondent abused his discretion in upholding the proposed levy action.

II.     Section 6702(a) Penalty

    A.     Background

As part of a comprehensive plan to combat the proliferation of abusive tax shelters, in 1982 Congress enacted three new assessable penalties, which were codified in sections 6700-6702; and section 6703, which sets forth rules applicable to those penalties. See S. Rept. No. 97-494 (Vol. 1), at 266-267, 270-271, 275-279 (1982), 1982 U.S.C.C.A.N. 781, 1014-1026. Section 6700 provides for the imposition of a penalty on any person who promotes an abusive tax shelter. Section 6701 provides for the imposition of a penalty on any person who aids and abets another person in understating his or her tax liability. Section 6702 provides for the imposition of a penalty on any person who files a document purporting to

**[*11]** be a tax return that contains a frivolous position or was intended to delay or impede the administration of Federal income tax laws.

Section 6702, the penalty statute at issue here, remained largely unchanged until 2006. See Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, div. A, sec. 407(a), 120 Stat. at 2960. In 2006 Congress amended section 6702, increasing the penalty from $500 to $5,000 and broadening its reach to include other types of frivolous tax submissions. Id.; see also Alexander v. Commissioner, T.C. Memo. 2012-75, slip op. at 6-7. The amendment was effective for submissions made and issues raised after the date the Secretary first prescribed a list of frivolous positions pursuant to section 6702(c). Because the Secretary first prescribed a list of frivolous positions on March 15, 2007, in Notice 2007-30, 2007-1 C.B. 883, section 6702(a) as amended applies in this case. See also Callahan v. Commissioner, 130 T.C. at 51 n.7.

B.      Application of Section 6702

Section 6702, as in effect for purposes of this case, provides as follows:

SEC. 6702. FRIVOLOUS TAX SUBMISSIONS.

(a) Civil Penalty for Frivolous Tax Returns.--A person shall pay a penalty of $5,000 if--

(1) such person files what purports to be a return of a tax imposed by this title but which--

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect, and

(2) the conduct referred to in paragraph (1)--

(A) is based on a position which the Secretary has identified as frivolous under subsection (c), or

(B) reflects a desire to delay or impede the administration of Federal tax laws.

(b) Civil Penalty for Specified Frivolous Submissions.--

\*    \*    \*    \*    \*    \*    \*

(c) Listing of Frivolous Positions.--The Secretary shall prescribe (and periodically revise) a list of positions which the Secretary has identified as being frivolous for purposes of this subsection.  The Secretary shall not include in such list any position that the Secretary determines meets the requirement of section 6662(d)(2)(B)(ii)(II).

(d) Reduction of Penalty.--The Secretary may reduce the amount of any penalty imposed under this section if the Secretary determines that such reduction would promote compliance with and administration of the Federal tax laws.

(e) Penalties in Addition to Other Penalties.--The penalties imposed by this section shall be in addition to any other penalty provided by law.

- 13 -

**[\*13]** The Commissioner bears the burden of proving that a taxpayer is subject to the section 6702 penalty. Sec. 6703(a). The deficiency procedures codified in subchapter B of chapter 63, i.e., sections 6211-6216, do not apply to the assessment or collection of the section 6702 penalty. Sec. 6703(b).

    C.    <u>Petitioner's Liability for the Section 6702(a) Penalty</u>

To satisfy his burden of proof with respect to the section 6702(a) penalty, respondent must prove by a preponderance of the evidence that (1) petitioner filed a document purporting to be a tax return, (2) the purported return lacked information on which the substantial correctness of the self-assessment may be judged or contained information that, on its face, indicates that the self-assessment was substantially incorrect, and (3) her conduct in filing the purported return was based on a position that the Secretary has identified as frivolous or reflected a desire to delay or impede the administration of Federal tax laws . <u>See</u> secs. 6702(a), 6703(a). We address each requirement in turn.

Petitioner's 2004 Form 1040X purported to be an amended income tax return that asserted a claim for refund of all Federal income tax withheld from her and her husband's income. She therefore filed a document purporting to be an

**[*14]** income tax return.[11]  See Colton v. Gibbs, 902 F.2d 1462, 1464 (9th Cir. 1990); Branch v. IRS, 846 F.2d 36, 37 (8th Cir. 1988); Sisemore v. United States, 797 F.2d 268, 270 (6th Cir. 1986); Kelly v. United States, 789 F.2d 94, 97 (1st Cir. 1986); Olson v. United States, 760 F.2d 1003, 1005 (9th Cir. 1985) ("Because a taxpayer may not obtain a refund without first filing a return, * * * [sec. 301.6402-3(a)(1), Proced. & Admin. Regs.], the form filed by * * * [the taxpayer] should be construed to be a 'purported' return."); Davis v. United States, 742 F.2d 171, 173 (5th Cir. 1984); Callahan v. Commissioner, 130 T.C. at 53.

RPS reported on the original Form W-2 that it was petitioner's employer and that it had withheld certain taxes on her wages.  On her Form 1040X petitioner claimed that she received no wages while admitting that income tax was withheld from the amounts paid to her by RPS.  By reason of the above, petitioner's Form 1040X was substantially incorrect on its face.  Furthermore, the Form 1040X did not contain information on which the substantial correctness of petitioner's

---

[11]Respondent assessed a sec. 6702(a) penalty against both petitioner and Mr. O'Brien.  Because the case with respect to Mr. O'Brien has been dismissed, we need not decide, in the case of a frivolous return document that is a purported joint Federal income tax return, whether respondent is entitled to impose a sec. 6702(a) penalty on both filers, or whether respondent is limited to imposing one sec. 6702(a) penalty per frivolous return document.  However, we note that petitioner and Mr. O'Brien each submitted for filing a frivolous Form 4852 and the Forms 4852 were attached to the frivolous Form 1040X.

[*15] reported tax liability could be evaluated. See, e.g., Grunsted v. Commissioner, 136 T.C. 455, 460 (2011); Cabirac v. Commissioner, 120 T.C. 163, 169 (2003); Blaga v. Commissioner, slip op. at 14.

On her Form 1040X petitioner reported taxable income of zero and an income tax liability of zero. Petitioner's reporting position was based on the premise that the salary paid to her by her employer was not income. The Commissioner has identified as frivolous a position that wages or other compensation received are not taxable income. See Thornberry v. Commissioner, 136 T.C. 356, 368 (2011); Notice 2008-14, 2008-1 C.B. 310; Notice 2007-30, supra; see also Alexander v. Commissioner, slip op. at 10; McNeil v. Commissioner, T.C. Memo. 2011-150, slip op. at 16. A return that reports taxable income and tax of zero is frivolous in circumstances where a third-party payor has reported on an information return that the taxpayer had income and that income tax was withheld on that income. See Grunsted v. Commissioner, 136 T.C. at 460. Petitioner testified that RPS paid her, and we infer the payment was in exchange for services she provided. Accordingly, petitioner's purported return reflects a frivolous position.

**[\*16]** For the reasons set forth above, we conclude that respondent's determination that petitioner is liable for the section 6702(a) penalty is correct if the penalty was assessed timely. We turn now to the limitations issue.

      D.      <u>Whether Respondent's Assessment of the Section 6702(a) Penalty is Barred by a Statute of Limitations</u>

            1.      <u>Parties' Arguments</u>

Petitioner contends that respondent failed to assess the section 6702(a) penalty within the applicable period of limitations. She contends that the three-year period of limitations in section 6501(a) applies for the assessment of a section 6702(a) penalty. She further contends that the period of limitations began to run upon the filing of her 2004 Form 1040 and, therefore, respondent assessed the section 6702(a) penalty after the expiration of the period of limitations.[12]

---

[12]Petitioner's argument assumes that the sec. 6702(a) penalty is a part of her Federal income tax liability for 2004 and is subject to the same period of limitations that governs the assessment of the 2004 liability. With respect to the sec. 6700 penalty, the U.S. Court of Appeals for the Fifth Circuit has stated that the penalty "applies to specific acts and transactions rather than to any discrete time period. The harm targeted by Section 6700 is the <u>conduct</u> of the promoter and is, therefore, immediately susceptible to assessment." <u>Sage v. United States</u>, 908 F.2d 18, 22 (5th Cir. 1990).

Neither party addressed the issue of whether petitioner's liability for the sec. 6702(a) penalty is properly considered to be a part of her Federal income tax liability for 2004. Although the notice of determination shows that respondent assessed the sec. 6702(a) penalty with respect to petitioner's 2004 tax period, the

(continued...)

**[\*17]** Petitioner does not dispute that she submitted to respondent a Form 1040X on April 21, 2008; however, she contends that the Form 1040X does not affect the running of the section 6501(a) period of limitations with respect to her 2004 tax liability.

Respondent argues that the Commissioner timely assessed the section 6702(a) penalty. Respondent contends that the section 6501(a) period of limitations is applicable only to the assessment of "return-based" penalties. According to respondent, a section 6702(a) penalty is return based if either the purported return document was a valid return or the IRS processed the purported return document as a valid return. Respondent further contends that if the penalty is not return based, the section 6501(a) period of limitations does not apply and the IRS may assess the section 6702(a) penalty at any time.[13] Relying on the test

---

[12](...continued)
harm targeted by sec. 6702(a) is the same as that targeted by sec. 6700, the conduct of the taxpayer. Sec. 6702(a) specifically targets the conduct of a taxpayer in filing a frivolous return document and, like the sec. 6700 penalty, applies to specific acts and transactions and not to a specific time period.

[13]In the posttrial memorandum respondent relies on three cases to support the argument that the application of the sec. 6501(a) period of limitations depends on whether the assessed penalty is return based: Capozzi v. United States, 980 F.2d 872 (2d Cir. 1992), Mullikin v. United States, 952 F.2d 920 (6th Cir. 1991), and Sage, 908 F.2d 18. In Capozzi, 980 F.2d at 875, the U.S. Court of Appeals for the Second Circuit considered only whether the period of limitations in 28 U.S.C.

(continued...)

**[\*18]** we articulated in Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986), respondent contends that petitioner's Form 1040X was not a valid return. Consequently, respondent concludes that the IRS was entitled to assess the section 6702(a) penalty against petitioner at any time.

---

[13](...continued)
sec. 2462 applied for the assessment of sec. 6700 penalties. The Court of Appeals did not consider the application of sec. 6501(a) and made no mention of the effect of filing a tax return. Id. In Sage, 908 F.2d at 24-25, the U.S. Court of Appeals for the Fifth Circuit acknowledged that the start of the period of limitations of sec. 6501(a) depended upon the filing of a tax return. The Court of Appeals quoted Agbanc, Ltd. v. United States, 707 F. Supp. 423, 426-427 (D. Ariz. 1988), which held that assessment of a sec. 6700 penalty does not depend upon the filing of a return. Sage, 908 F.2d at 25. In Mullikin, 952 F.2d at 926-929, the U.S. Court of Appeals for the Sixth Circuit held that no period of limitations is applicable for the assessment of penalties under sec. 6701; however, the Court of Appeals' decision contains no discussion concerning return-based versus non-return-based penalties. The Court of Appeals' decision contains only a brief acknowledgment that sec. 6501(a) depends on the filing of a return and even then, the acknowledgment appears by virtue of a block quotation from Agbanc, Ltd., 707 F. Supp. 423, in a footnote. Mullikin, 952 F.2d at 927 n.13.

The cases respondent cites do not support the argument that the application of the sec. 6501(a) period of limitations depends on whether the sec. 6702(a) penalty is return based. Furthermore, we can find no Federal case that distinguishes between return-based and non-return-based penalties for period of limitations purposes. Mullikin, 952 F.2d at 927 n.13, and Sage, 908 F.2d at 25, merely confirm that the start of the period of limitations of sec. 6501(a) depends upon the filing of a tax return that the IRS actually processes as a valid return. Given our holding in this case, however, we need not reject respondent's argument outright.

**[*19]** 2. <u>Analysis</u>

This Court has not decided whether a statute of limitations applies for the assessment of a section 6702(a) penalty. In fact, it appears that no court has. While it may be appropriate to decide this issue in the future, we need not do so in order to resolve this case. We need examine only when a period of limitations, assuming one is applicable for the assessment of the section 6702 penalty, would begin to run under accepted limitations analysis.

Generally, in the absence of a clearly applicable statute of limitations, an action on behalf of the Federal Government is subject to no time limitation. <u>E. I. Du Pont de Nemours & Co. v. Davis</u>, 264 U.S. 456, 462 (1924); <u>Mullikin v. United States</u>, 952 F.2d 920, 926 (6th Cir. 1991). A statute of limitations generally "runs against the United States only when they assent and upon the conditions prescribed." <u>Lucas v. Pilliod Lumber Co.</u>, 281 U.S. 245, 249 (1930); see also <u>Mullikin</u>, 952 F.2d at 926; <u>Agbanc, Ltd. v. United States</u>, 707 F. Supp. 423, 426 (D. Ariz. 1988). Moreover, in analyzing the statute of limitations applicable for tax assessments, the Supreme Court has emphasized the longstanding principle that "'[s]tatutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the

**[\*20]** Government.'"  Badaracco v. Commissioner, 464 U.S. 386, 391 (1984)

(quoting E.I. Du Pont de Nemours & Co., 264 U.S. at 462).

Petitioner argues that the three-year period of limitations on assessment set forth in section 6501(a) applies for the assessment of the section 6702(a) penalty. Petitioner also argues that the period of limitations has expired because the Form 1040X she filed relates back to the date when she filed her original Form 1040, which was more than three years before she filed the Form 1040X with the IRS and respondent assessed the section 6702(a) penalty with respect to that filing.  In other words, petitioner contends that the period of limitations for assessing the section 6702(a) frivolous return penalty expired before she even filed the frivolous Form 1040X.  Petitioner's argument is nonsensical and flies in the face of traditional limitations jurisprudence.

A period of limitations sets the time within which an aggrieved party must assert its claim.  See, e.g., Anderson v. United States, 669 F.3d 161, 165 (4th Cir. 2011); Tidewater Fin. Co. v. Williams, 498 F.3d 249, 260 (4th Cir. 2007).  The time is measured from the date on which the claim accrues.  The accrual date will vary depending on the type of claim involved.  In some instances the statute that creates the right of action may specify the accrual date, see, e.g., Civil Rights Act of 1964, tit. VII, 42 U.S.C. sec. 2000e-5(e) (1988) (providing that a complainant

[*21] must file a charge with the EEOC within 180 days (300 days in a deferral State) "after the alleged unlawful employment practice occurred"); <u>Riesett v. W. B. Doner & Co.</u>, 293 F.3d 164, 170 (4th Cir. 2002) (applying Mich. Comp. Laws sec. 600.5827 (2002)); in some instances caselaw will determine when a given cause of action arises, <u>see, e.g.</u>, <u>Ferguson v. Bayer Cropscience LP</u>, 468 Fed. Appx. 262, 263 (4th Cir. 2012) (applying West Virginia caselaw); <u>Hatfill v. New York Times Co.</u>, 416 F.3d 320, 335 (4th Cir. 2005) (applying Virginia caselaw). In other instances a Federal statute creating a Federal claim does not contain a specific provision establishing a period of limitations for the assertion of the claim. <u>Reed v. United Transp. Union</u>, 488 U.S. 319, 323 (1989); <u>Bd. of Regents v. Tomanio</u>, 446 U.S. 478, 483 (1980). In such instances the courts must decide whether an existing period of limitations applies to the assertion of the claim, <u>see, e.g.</u>, <u>Wilson v. Garcia</u>, 471 U.S. 261, 268 (1985); <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 170-172 (1983), or whether Congress intended that no period of limitations apply to the claim, <u>see, e.g.</u>, <u>Occidental Life Ins. Co. v. EEOC</u>, 432 U.S. 355, 366-372 (1977).

Assuming but not deciding that an existing period of limitations, such as that in section 6501(a), applies for the assessment of the section 6702(a) penalty, we first must examine when the limitations period for assessing the penalty would

[*22] start to run.  In order to prevail on her limitations argument, petitioner would have us conclude that the period of limitations for assessing the section 6702(a) penalty expired <u>before</u> she even prepared and submitted the frivolous Form 1040X to the IRS.  An examination of section 6702(a) and a cursory review of its legislative history confirms that petitioner's argument must fail.

The section 6702(a) frivolous return penalty may be assessed only after a person "files what purports to be a return of tax" imposed by the Code.  As a general rule, a return is considered filed when it is received.  <u>See</u> <u>United States v. Lombardo</u>, 241 U.S. 73, 76 (1916); <u>Trout v. Commissioner</u>, 131 T.C. 239, 246 (2008).  Any period of limitations that arguably applies for the assessment of the section 6702(a) penalty cannot possibly begin to run until the frivolous return document is submitted to and received by the IRS.  This rather obvious conclusion is consistent with the legislative history of section 6702(a), which states in pertinent part as follows:

> The committee is concerned with the rapid growth in deliberate defiance of the tax laws by tax protestors.  The Internal Revenue Service had 13,600 illegal protest returns under examination as of June 30, 1981. * * * <u>The committee believes that an immediately assessable penalty on the filing of protest returns will help deter the filing of such returns, and will demonstrate the determination of the Congress to maintain the integrity of the income tax system.</u>

**[*23]** S. Rept. No. 97-494 (Vol. 1), <u>supra</u> at 277, 1982 U.S.C.C.A.N. at 1023

(emphasis added); <u>see also</u> <u>Bradley v. United States</u>, 817 F.2d 1400, 1404 (9th Cir.

1987); <u>Clark v. United States</u>, 630 F. Supp. 101, 104 (D.Md. 1986).

A number of Federal courts have considered whether the period of

limitations in section 6501(a) is applicable for the assessment of penalties under

sections 6700 and 6701. <u>See</u> <u>Mullikin</u>, 952 F.2d at 929 (holding that no period of

limitations governs the assessment of section 6701 penalties); <u>Sage v. United</u>

<u>States</u>, 908 F.2d 18, 25 (5th Cir. 1990) (holding that the period of limitations in

section 6501(a) does not apply for the assessment of section 6700 penalties);

<u>Kraye v. United States</u>, 71 A.F.T.R.2d (RIA) 93-855, 1992 WL 439753 (D.N.M.

1992) (holding that no period of limitations applies for the assessment of section

6700 penalties); <u>Emanuel v. United States</u>, 705 F. Supp. 434, 435-436 (N.D. Ill.

1989) (holding that the period of limitations in section 6501(a) does not apply for

the assessment of section 6700 or section 6701 penalties); <u>Agbanc, Ltd.</u>, 707 F.

Supp. at 426-427 (holding that the period of limitations in section 6501(a) does

not apply for the assessment of section 6700 penalties); <u>Kuchan v. United States</u>,

679 F. Supp. 764, 767-768 (N.D. Ill. 1988) (holding that the period of limitations

in section 6501(a) does not apply for the assessment of section 6701 penalties).

While we could follow their lead and grapple with tough questions about

**[\*24]** limitations jurisprudence as it relates to the Federal Government's attempt to combat abusive tax behavior, we have refrained from deciding the section 6702(a) limitations issue in the past, see e.g., Crites v. Commissioner, T.C. Memo. 2012-267, at \*11-\*13, and we continue that approach in this case. We therefore conclude only that the period of limitations on assessment in section 6501(a) does not bar the assessment of the section 6702(a)[14] penalty in this case.

III.    Notice of Determination

We now address whether respondent abused his discretion in sustaining the proposed levy. Petitioner contends that it was an abuse of discretion for the Appeals Office to sustain the proposed levy because the Appeals Office did not consider the elements of the section 6702(a) penalty and because respondent failed to properly assess the frivolous return penalty.

If a taxpayer requests a section 6330 hearing, section 6330(b) provides that the hearing will be held with the Appeals Office. The section 6330 hearing may, "but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof." Sec. 301.6330-

---

[14]Petitioner does not argue that any other limitation provision of the Code applies.

**[\*25]** 1(d)(2), Q&A-D6, Proced. & Admin. Regs. Once a taxpayer is given a reasonable opportunity for a hearing and fails to avail himself of that opportunity, this Court may sustain the Commissioner's determination to proceed with collection on the basis of an Appeals officer's review of the case file. See, e.g., Bean v. Commissioner, T.C. Memo. 2006-88, slip op. at 9; Ho v. Commissioner, T.C. Memo. 2006-41, slip op. at 22; Leineweber v. Commissioner, T.C. Memo. 2004-17, slip op. at 9-10.

In the notice of determination Settlement Officer Jensen quoted section 6702(a) and determined that petitioner's Form 1040X satisfied the requirements for imposition of the frivolous return penalty. We agree. The Form 1040X that petitioner submitted contained information that on its face indicated that the self-assessment petitioner made on the purported return was substantially incorrect, and petitioner's conduct in filing the Form 1040X was based on a position that the IRS has identified as frivolous under section 6702(c). See supra pp.13-16. We conclude that respondent's Appeals Office did not err in concluding that petitioner's Form 1040X satisfied the requirements of section 6702(a) for imposition of the frivolous return penalty.

Settlement Officer Jensen also determined that respondent made a proper assessment against petitioner pursuant to section 6201. Respondent introduced

[*26] into evidence a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, identifying petitioner, the type of liability assessed, the taxable period, and the amount of the assessment.[15] Petitioner has not identified any irregularities in the assessment procedure used to assess the frivolous return penalty. Therefore, we conclude that respondent made a valid assessment.

The Appeals Office properly conducted petitioner's section 6330 hearing via written correspondence. In making the determination to sustain the proposed levy, the Appeals Office considered the arguments petitioner raised in the letter attached to her Form 12153. After reviewing the case file and petitioner's arguments, the Appeals Office properly determined that the requirements of applicable law and administrative procedure were met and concluded that respondent's decision to collect petitioner's frivolous return penalty by levy appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of the levy. Petitioner has not advanced any argument or set forth any specific facts that would allow us to conclude that the determination to sustain respondent's decision to proceed with collection by levy was arbitrary, capricious, or without sound basis in fact. Accordingly, we hold

---

[15]Appeals officers may rely on a Form 4340 to verify that a valid assessment was made. See Nestor v. Commissioner, 118 T.C. 162, 166 (2002).

**[\*27]** that the Appeals Office did not abuse its discretion in upholding respondent's decision to collect petitioner's assessed frivolous return penalty by levy.

IV.    Section 6673 Penalty

Under section 6673(a)(1), this Court may require a taxpayer to pay a penalty not in excess of $25,000 whenever it appears that (1) the taxpayer has instituted or maintained proceedings primarily for delay or (2) the taxpayer's position in such proceedings is "frivolous or groundless".  Section 6673(a)(1) applies to proceedings under section 6330.  See Pierson v. Commissioner, 115 T.C. 576, 581 (2000). Although respondent has not asked us to impose a penalty under section 6673(a)(1), we may impose such a penalty against a taxpayer on our own motion.  See id. at 580-581.

At trial we warned petitioner that if she continued to advance frivolous and groundless arguments, we would consider imposing a penalty under section 6673. In her posttrial memorandum petitioner continued to assert meritless arguments regarding the validity of respondent's assessment and continued to assert that she did not satisfy the statutory criteria for imposition of the frivolous return penalty under section 6702(a).

**[*28]** We note, however, that petitioner heeded our warnings and generally refrained from asserting frivolous arguments at trial. In her posttrial memorandum petitioner also presented a legitimate, nonfrivolous issue concerning the period of limitations for assessment of a section 6702(a) penalty. While we have resolved this issue against petitioner, we cannot fault her for raising it. After taking these matters into account and in the exercise of our discretion, we decline to impose any penalty under section 6673. However, we admonish petitioner that in the future, she may be subject to a penalty under section 6673 for instituting proceedings primarily for delay or taking positions that are frivolous or groundless.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.