T.C. Memo. 2018-162

UNITED STATES TAX COURT

T-STAR ENGINEERING AND TECHNICAL SERVICES, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1549-17L.                    Filed September 24, 2018.

Ray S. Kemerer (an officer), for petitioner.

Erin K. Neugebaur, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge:  This collection due process (CDP) case was brought

pursuant to sections 6320 and 6330.[1]  Petitioner challenges respondent's

_____

    [1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times.

**[*2]** determination to sustain the filing of a notice of Federal tax lien (NFTL) for the collection of penalties assessed under section 6702.

FINDINGS OF FACT

Petitioner timely filed Forms 941, Employer's Quarterly Federal Tax Return, for the taxable periods ending March 31 and June 30, 2012. Petitioner had made total Federal tax deposits of $17,732.09 and $16,805.06 for these periods.

On January 21, 2014, petitioner sent a letter to respondent in which it argued, among other things, that petitioner is not subject to "employment taxes" and Federal income tax "withholding" requirements because petitioner is a private sector non-federally-connected company. The letter further argued that petitioner is not an "employer" or "taxpayer" or a withholding agent as defined by the Internal Revenue Code. Petitioner enclosed with the letter Forms 941-X, Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund, for the taxable periods ending March 31 and June 30, 2012. These returns were "zero returns" in which petitioner claimed it had no employment tax liabilities for the periods at issue and requested refunds of the Federal tax deposits previously made. On the Forms 941-X, petitioner stated:

> The amount entered into line 2 of the form 941 for the quarter was incorrectly entered as "Wages, tips and other compensation" (as defined in Title 26 of the USC). No federally-connected payments

**[*3]** were made. T-Star Engineering & Technical Services is a private-sector company, incorporated in the union state of Pennsylvania, that is not connected with federally-privileged activities. T-Star Engineering & Technical Services does not have "Employees" as defined in Title 26 of the U.S.C. Per Title 26 and related tax law, federal taxing authority is limited to the District of Columbia, portions of union states ceded to the federal government, and United States possessions including the Commonwealth of Puerto Rico, American Samoa, Guam, and the US Virgin Islands.

In November 2014 Correspondence Examination Technician George Johnson in respondent's office in Ogden, Utah, reviewed petitioner's submitted Forms 941-X and prepared its account for the assessment of the section 6702 penalties for the frivolous adjusted returns. On November 13, 2014, Mr. Johnson's supervisor, Supervisory Financial Technician Krista Decaria, approved the penalties by signing Forms 8278, Assessment and Abatement of Miscellaneous Civil Penalties. The section 6702 penalties for the Forms 941-X for the taxable periods ending March 31 and June 30, 2012, were assessed on December 8, 2014.[2]

---

[2]The sec. 6702 penalties were assessed on two separate dates (December 8, 2014, and March 14, 2016) for three separate returns (2012 first quarter Form 941-X, 2012 second quarter Form 941-X, and 2012 third quarter Form 941) for a total of $30,000. Respondent concedes four of the penalty assessments. Respondent is defending the sec. 6702 penalties assessed on December 8, 2014, regarding petitioner's 2012 first quarter Form 941-X and 2012 second quarter Form 941-X, both of which were submitted on January 24, 2014. Respondent argues that $10,000 of the sec. 6702 penalties against petitioner should be sustained.

**[*4]**   On May 3, 2016, respondent issued petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.  On June 3, 2016, petitioner submitted a request for a CDP hearing.

Settlement Officer (SO) Stephen J. McCarrick was assigned to petitioner's case.  SO McCarrick obtained copies of petitioner's adjusted returns on which the section 6702(a) penalties had been assessed.  He also obtained the Forms 8278 which showed that the penalties had the proper managerial approval.

SO McCarrick determined that the section 6702 penalties were properly assessed, that repondent had followed the proper procedures, that final notice and demand for payment had been made, and a balance was due when the NFTL was filed.  Mr. McCarrick sent petitioner copies of the Forms 8278 and informed it that the collection action would be sustained.  On December 19, 2016, respondent issued petitioner a notice of determination sustaining the NFTL.

OPINION

The conduct of the CDP hearing is governed by sections 6320(c) and 6330.  Section 6330(c)(1) requires the SO to verify that the requirements of applicable law and administrative procedure have been met.  At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the filing of the NFTL.  Sec. 6330(c)(2)(A).  Section 6330(c)(2)(B) provides that a challenge to the existence or

**[\*5]** amount of the underlying tax liability may be raised only if the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to dispute the liability.

Pursuant to section 6330(c)(3), the determination of an SO must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met, (2) issues raised by the taxpayer, and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. SO McCarrick complied with all of these requirements.

Petitioner challenges only the underlying liabilities for the section 6702 penalties. These are assessable penalties that are not subject to deficiency procedures. Sec. 6703(b); see Callahan v. Commissioner, 130 T.C. 44, 50 (2008). Petitioner did not receive (and could not have received) a notice of deficiency for the underlying liabilities, and respondent does not contest petitioner's right to challenge the underlying liabilities. Accordingly, we review SO McCarrick's determination de novo. See Callahan v. Commissioner, 130 T.C. at 50.

Pursuant to section 6702(a), a person shall pay a penalty of $5,000 for a frivolous tax return. In any proceeding involving the issue of whether a person is

**[\*6]** liable for the section 6702 penalty, "the burden of proof with respect to such issue shall be on the Secretary." Sec. 6703(a).

The section 6702 penalty can be assessed when three conditions are met. First, the taxpayer must have filed a document that purports to be a return of tax imposed by title 26. Sec. 6702(a)(1). The penalty can also apply to amended returns. Colton v. Gibbs, 902 F.2d 1462, 1464 (9th Cir. 1990); Crites v. Commissioner, T.C. Memo. 2012-267, at \*7. Second, the purported return must have either not contained information on which the substantial correctness of the self-assessment may be judged or contained information that on its face indicated that the self-assessment was substantially incorrect. Sec. 6702(a)(1)(A) and (B). Third, the taxpayer's conduct must have been based on a position which was frivolous or reflected a desire to delay or impede the administration of Federal tax laws. Sec. 6702(a)(2)(A) and (B).

Petitioner submitted what "purported to be a return" for its employment tax liabilities for the taxable periods ending on March 31 and June 30, 2012. The purported returns were submitted on the official Forms 941-X and included the signature of petitioner's authorized corporate representative. These returns were filed in an effort to obtain a refund of Federal tax deposits and requested

**[\*7]** abatement of previously assessed tax for the taxable periods. The Forms 941-X included assertions that were clearly erroneous and frivolous.

With respect to the third requirement, petitioner's conduct was "based on a position which the Secretary has identified as frivolous". Sec. 6702(a)(2)(A). As an explanation for the corrections, petitioner states directly on the third page of the Forms 941-X that "federal taxing authority is limited to the District of Columbia, portions of union states ceded to the federal government, and United States possessions including the Commonwealth of Puerto Rico, American Samoa, Guam, and the US Virgin Islands." The Commissioner has determined this type of argument to be frivolous, and that determination has been upheld by courts. United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (citing Brushaber v. Union Pac. R.R., 240 U.S. 1, 12-19 (1916)); Wnuck v. Commissioner, 136 T.C. 498, 506 (2011); Ulloa v. Commissioner, T.C. Memo. 2010-68, 2010 WL 1330387, at \*7; see also Notice 2010-33, 2010-17 I.R.B. 609, 610; Rev. Rul. 2006-18, 2006-1 C.B. 743. Petitioner's conduct in filing these returns with respondent clearly reflects a desire to delay or impede the administration of Federal tax laws.

Other arguments petitioner may have alluded to at trial or in its posttrial memorandum are without merit. We will not painstakingly address petitioner's

**[*8]** tax-protester type arguments "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). We sustain respondent's determination with respect to the section 6702 penalties assessed on December 8, 2014, regarding the Forms 941-X for the first quarter of 2012 and the second quarter of 2012. Respondent concedes the remaining assessments.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

An appropriate decision will be entered.